## S95G1856. DEPARTMENT OF TRANSPORTATION v. BROWN.
### (471 SE2d 849)

Benham, Chief Justice.

This case arose from a fatal intersection collision. The Georgia Department of Transportation (DOT) designed and constructed an extension of Georgia Highway 365, converting it to a four-lane, divided highway. The plans called for the installation of a traffic light signal to control traffic in both directions at the intersection where the collision involved here occurred, but DOT rejected a bid for the installation of the traffic lights. Rather than delay the opening of the intersection, DOT erected temporary stop signs to control traffic in both directions on the cross-road, and made the new Hwy. 365 temporarily a through highway without any traffic control signals. Anika Colbert was killed when the car in which she was a passenger was struck by a dump truck while the car was crossing Hwy. 365 after failing to stop at the stop sign.

Mildred C. Brown, administratrix of the estate of Anika Colbert, brought a wrongful death action against DOT and others. DOT moved for summary judgment and, at trial, for a directed verdict based on the design standard and discretionary function exceptions to OCGA § 50-21-24, the Georgia Tort Claims Act (GTCA).[1] DOT also moved for a directed verdict based on the public duty doctrine. All motions for directed verdict and summary judgment were denied, and the jury awarded $1,505,000 in damages. That amount was reduced to $1,000,000, the statutory limit of recovery under the GTCA. The Court of Appeals affirmed the trial court's judgment.

---

[1] The state shall have no liability for losses resulting from: . . . (2) The exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the discretion involved is abused; . . . (10) The plan or design for construction of or improvement to highways, roads, streets, bridges, or other public works where such plan or design is prepared in substantial compliance with generally accepted engineering or design standards in effect at the time of the preparation of the plan or design; . . . .
OCGA § 50-21-24.

*Dept. of Transp. v. Brown*, 218 Ga. App. 178 (460 SE2d 812) (1995). We granted DOT's petition for certiorari, and having determined that the Court of Appeals was correct in affirming the trial court's judgment, we affirm that of the Court of Appeals.

1. The Court of Appeals held that the discretionary function exception does not apply when the design standards exception applies. DOT complains that the ruling, based on the principle of statutory construction that the particular controls over the general, destroys the discretionary function exception in suits against DOT. The preferable analysis, and one which does not invalidate any exception, is the analysis employed by the Court of Appeals as an alternative basis for its ruling: the discretionary function exception applies only to policy decisions and does not address the design and operational decisions on which the allegations of negligence are based in this case.

In determining the scope of the discretionary function exception, we need not consider previous cases involving discretionary versus ministerial decisions because the legislature included in this statute the definition of discretionary function or duty: "a function or duty requiring a state officer or employee to exercise his or her policy judgment in choosing among alternate courses of action based upon a consideration of social, political, or economic factors." OCGA § 50-21-22 (2). The key to this issue is the difference between design and operational decisions and policy decisions. We note with approval the decisions from other jurisdictions, cited by the Court of Appeals, holding that the discretionary function exception is limited to basic governmental policy decisions. The Court of Appeals was correct in noting that the decision to build the road involved here was a policy decision. Where and whether to install traffic lights were design decisions. When to open the intersection, and whether to open it without traffic lights are operational decisions, and the decision to use stop signs only for the cross-road was a design decision.

The scope of the discretionary function exception urged by DOT, which would include any decision affected by "social, political, or economic factors," is so broad as to make the exception swallow the waiver. Whether to buy copier paper from a particular vendor, and in which colors, are decisions that might be affected by all three factors, but they are not policy decisions. The Court of Appeals was correct in rejecting DOT's argument that the discretionary function exception applies to this case.

2. DOT challenges the holding in the opinion of the Court of Appeals that the trial court properly submitted to a jury the question of whether the design standard exception applies in this case. DOT's argument on this issue is two-fold: because the Manual On Uniform Traffic Control Devices (MUTCD) does not contain standards on the

design questions involved here, there were no generally accepted standards to be violated; and that expert testimony on the issue was merely "Monday-morning-quarterbacking." We agree with neither part of the argument.

The design standard exception does not make reference to MUTCD; it refers to "generally accepted engineering or design standards." While MUTCD certainly has that status in this state (OCGA § 32-6-50), it does not have the status of being the exclusive source of engineering and design standards that DOT suggests. If the legislature intended to limit the source of standards to MUTCD or to written mandatory standards as DOT suggests, it could have done so specifically, but it did not. DOT's argument that MUTCD was the only standard to be considered is not meritorious.

Nor do we find merit in DOT's argument that the admission of expert testimony on the question of generally accepted engineering and design standards will result in a change of standards with each new expert witness. Just as expert witnesses are competent to establish standards in other professional malpractice actions ("In malpractice actions, a plaintiff must present expert testimony 'to establish the parameters of acceptable professional conduct.' [Cit.]" *Lutz v. Foran*, 262 Ga. 819 (2) (427 SE2d 248) (1993)), we see no reason, and DOT has supplied none, why expert witnesses should not be competent to do so in actions against DOT for engineering malpractice.

Contrary to DOT's assertion on appeal, the record contains expert testimony that some of DOT's actions and failures to act with regard to the intersection involved in this case violated generally accepted engineering standards. That testimony conforms to the requirements of the statute. We agree with the Court of Appeals that the trial court did not err in denying DOT's motion for directed verdict on the question of whether DOT violated generally accepted engineering standards, thus removing it from the protection of the design standards exception.

3. Finally, DOT asserts that our decision in *City of Rome v. Jordan*, 263 Ga. 26 (426 SE2d 861) (1993), requires the conclusion that, absent some special relation between DOT and the victim of its alleged negligence, it has no liability. Our decision in that case was directed squarely and only at the duty owed by a governmental entity to provide police protection to individual citizens. The essential difference between that duty and the duty at issue in this case is the involvement of third parties whose behavior may be unpredictable. The duty DOT owes to each member of the public does not involve third parties, only the way in which DOT's performance or nonperformance of its duty impacts individuals. We believe that difference in the duties warrants limitation of the public duty doctrine adopted in *Jordan* to the situation involved there, the provision of

police services. The Court of Appeals was correct, therefore, in holding that *Jordan* has no impact on this case.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 17, 1996 —
RECONSIDERATION DENIED JULY 12, 1996.

*Michael J. Bowers, Attorney General, George P. Shingler, Deputy Attorney General, C. Latain Kell, Assistant Attorney General, Susan J. Levy,* for appellant.

*Johnson & Ward, William C. Lanham, Clark H. McGehee,* for appellee.