A98A0093. JACKSON et al. v. DEPARTMENT OF HUMAN RESOURCES.
(497 SE2d 58)

Judge Harold R. Banke.

William J. Jackson, Sr. instituted legal action under the Georgia Tort Claims Act (OCGA § 50-21-20 et seq.) against the Georgia

Department of Human Resources ("DHR") on behalf of his three children. He alleged that the Butts County Department of Family & Children Services ("DFCS") was negligent and grossly negligent when it placed his minor children with an unqualified relative for a five-week period. Jackson claimed that DFCS failed to conduct any investigation of the suitability of the relative's home and failed to provide adequate financial assistance to the relative thereby engendering neglect and abuse. Jackson alleged that DFCS ignored repeated requests to transfer the children to an uncle, a more suitable relative. Jackson sought damages for the children's purported physical and emotional injuries that resulted from DFCS's placement decision. DHR claimed that DFCS's placement determination was discretionary in nature and entitled to immunity. Asserting that Jackson's tort claims were foreclosed by sovereign immunity, DHR moved for judgment on the pleadings. Jackson appeals the judgment awarded to the DHR. *Held*:

In his sole enumeration of error, Jackson contends that the trial court erred in granting judgment because the facts set forth in his complaint presented a cognizable negligence action based on DFCS's failure to properly perform ministerial duties. We disagree.

As a general rule, damages are not recoverable against the State absent a waiver of sovereign immunity. *State Bd. of Ed. v. Drury*, 263 Ga. 429, 430 (1) (437 SE2d 290) (1993). Under the Tort Claims Act, the legislature provided that "[t]he state shall have no liability for losses resulting from: (2) [t]he exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the discretion involved is abused." OCGA § 50-21-24 (2). The legislature defined "[d]iscretionary function or duty" as "a function or duty requiring a state . . . employee to exercise his or her policy judgment in choosing among alternate courses of action based upon a consideration of social, political, or economic factors." OCGA § 50-21-22 (2).

It is well established that a discretionary act, as opposed to a ministerial act, calls for the exercise of personal deliberation and judgment, entailing " 'examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.' " *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990). In contrast, a ministerial act "is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty." Id.

Just as the decision to discharge a mental patient falls within the ambit of a "discretionary function," so too does the decision to place children in a particular home setting. See *Northwest Ga. Regional Hosp. v. Wilkins*, 220 Ga. App. 534, 537 (1) (469 SE2d 786) (1996). In making judgments on where to place children, caseworkers

must consider the paramount concern of the best interests of the child, while assessing the possibility of appropriate placement with relatives, the suitability of alternative foster homes, as well as a multitude of social and economic factors. Here, the DFCS's caseworker's decision concerning the placement of these children, who had been removed from their mother's custody, necessarily involved the exercise of discretion and personal judgment. See *Hemack v. Houston County School Dist.*, 220 Ga. App. 110, 113 (469 SE2d 679) (1996).

"Absent evidence of malice, wilfulness, or corruption, a public officer is afforded immunity from liability to those who may be injured by the exercise of his discretion in the performance of his official duties. [Cit.]" *McDay v. City of Atlanta*, 204 Ga. App. 621, 622 (2) (420 SE2d 75) (1992). In this case, Jackson did not allege any malice, wilfulness, or corruption on the part of DFCS but premised his claims in negligence. Because DHR was entitled to immunity as to all of Jackson's claims for money damages, the trial court properly granted judgment on the pleadings. OCGA § 9-11-12 (c). See *Christensen v. State of Ga.*, 219 Ga. App. 10, 13 (6) (464 SE2d 14) (1995); see also *Sysco Food Svcs. v. Coleman*, 227 Ga. App. 460, 463 (489 SE2d 568) (1997).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 13, 1998.

*Ham, Jenkins, Wilson & Wangerin, Kevin A. Wangerin,* for appellants.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Patricia Guilday, Jennifer D. Roorbach, Assistant Attorneys General,* for appellee.

