A98A0340. PAYNE v. TWIGGS COUNTY SCHOOL DISTRICT et al.
(501 SE2d 550)

POPE, Presiding Judge.

Natasha Payne, a student at Twiggs County Comprehensive Middle/High School, was cut in the face by another student, Andrea Smith, during a fight on the school bus in May 1993. Payne sued the

Twiggs County School District, assistant principal James Basley, and bus driver Ernestine Bowden. Payne claimed Basley and Bowden knew Smith regularly carried a knife on school property and had threatened Payne with the knife but failed to protect Payne by enforcing the rules prohibiting students from carrying weapons on school property. The trial court granted summary judgment to the school district based on sovereign immunity and to Basley and Bowden based on official immunity. We affirm that judgment.

1. "The school district correctly claims it is entitled to sovereign immunity from [Payne's] suit. The 1991 amendment to Ga. Const. of 1983, Art. I, Sec. II, Par. IX extending sovereign immunity 'to the state and all of its departments and agencies' includes county-wide school districts. This sovereign immunity 'can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." (Citations and punctuation omitted.) *Rawls v. Bulloch County School Dist.*, 223 Ga. App. 234, 235 (477 SE2d 383) (1996).

Although Payne claims that OCGA § 20-2-1090 is such an "Act of the General Assembly" which specifically waives sovereign immunity, the Supreme Court has already ruled against Payne on this issue. In a companion case Payne brought against Twiggs County in federal court, the Supreme Court answered a certified question from the federal court of appeals and held that this statute does not apply to these facts. "When a student riding on a school bus suffers an injury that is not proximately caused by an accident or collision in which the bus is involved, such as when the student is injured due to an attack made by a fellow student, OCGA § 20-2-1090 is inapplicable." *Payne v. Twiggs County School Dist.*, 269 Ga. 361, 362 (1) (496 SE2d 690) (1998).[1] See also *Rawls*, 223 Ga. App. at 235-236; *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, 294-296 (454 SE2d 149) (1995). Compare *Coffee County School Dist. v. King*, 229 Ga. App. 143 (493 SE2d 563) (1997), which involved a child injured during a collision between the school bus and another vehicle.

2. Payne also contends that Basley and Bowden were not entitled to official immunity because their actions were ministerial rather than discretionary. As the Supreme Court explained in *Gilbert v. Richardson*, 264 Ga. 744 (452 SE2d 476) (1994), the 1991 constitutional amendment "provides no immunity for ministerial acts negligently performed. . . . It, however, does provide immunity for the

---

[1] The Supreme Court's opinion indicates that Payne sued the school district in federal court and raised claims under 42 USC § 1983 as well as state law negligence claims. The record is unclear as to how tort claims involving the same facts were pursued concurrently in both federal and state courts, and the parties have not mentioned the federal action in their briefs to this Court.

negligent performance of discretionary acts. . . . This interpretation comports with the purpose of providing immunity from personal liability to government employees who work in positions where they make policy or exercise discretion." Id. at 753. Payne argues that Basley and Bowden knew Smith had threatened Payne with a knife but negligently failed to carry out the "ministerial" act of enforcing the school's weapons policy.[2]

Construed in Payne's favor, the evidence shows Smith and Payne were involved in an altercation on the bus in April 1993, several weeks before the incident in which Payne was cut. Because bus driver Bowden reported Payne and two other girls for causing a disturbance on the bus, assistant principal Basley interviewed Payne in his office. Payne told him that the incident occurred because Smith had threatened her, had said she was going to "get" Payne and "mess [her] up," and had a knife. Payne also told Basley and Bowden that Smith had, a few weeks earlier, used her knife to cut the seats on the bus. After Payne reported Smith's wrongdoing, neither Basley nor Bowden took disciplinary action against Smith even though the school district's written policy recommended "expulsion" as the sanction against students who brought weapons on campus. Nevertheless, over the next three to four weeks, Payne experienced no further threats, did not see Smith with the knife, and testified that she did not regard Smith's threats as a "big deal." On a bus ride home from school in early May, however, Smith attacked Payne with the knife she carried and cut her face severely.

These facts do not show that Basley or Bowden negligently carried out or failed to carry out a "ministerial duty." We have faced this question numerous times and have consistently held that the task of school officials "to monitor, supervise, and control students is a discretionary action protected by the doctrine of official immunity." *Kelly v. Lewis*, 221 Ga. App. 506, 508 (471 SE2d 583) (1996) (school official failed to enforce rules governing supervision of arriving students). See also *Perkins v. Morgan County School Dist.*, 222 Ga. App. 831, 835 (2) (476 SE2d 592) (1996) (failure to enforce policy governing early dismissal of students); *Wright v. Ashe*, 220 Ga. App. 91, 93-94 (469 SE2d 268) (1996) (failure to enforce policies prohibiting students from leaving school and governing students' use of cars on campus and class attendance); *Guthrie v. Irons*, 211 Ga. App. 502, 506 (2) (439 SE2d 732) (1993), disapproved on other grounds, *Gilbert v. Richardson*, supra.

Payne argues that because the school system had a weapons pol-

---

[2] We note that the school weapons policy contained in the record was not adopted until December 1993. For the purposes of this decision, however, we assume that same policy was in place at the time of this May 1993 incident.

icy requiring that violators be expelled, Bowden and Basley had no discretion and were required to enforce that policy. But the facts of this case demonstrate the discretionary nature of the school officials' disciplinary duties. Payne did not tell assistant principal Basley about Smith's threats and weapon until Bowden reported Payne to the principal's office for causing the disturbance. In effect, Payne claimed that Smith, and not she, was responsible for the incident on the bus. Payne also took that opportunity to blame Smith for cutting the seats, even though she had not reported the incident when it occurred weeks earlier. In her meeting with Basley, Payne acknowledged that she and Smith had an ongoing conflict and promised she would "try not to bring it to school." Although Bowden's and Basley's accounts of these events differ from Payne's, no evidence shows Bowden or Basley witnessed Smith with a knife before Payne was attacked. Under these circumstances, the assistant principal and bus driver were required to assess the credibility of Payne's allegations and make a judgment call as to whether those allegations merited immediate investigation of Smith. Payne would have this Court find that the school officials were required to expel Smith based solely on Payne's accusation. We will not so find.

These facts demonstrate why the disciplinary and supervisory tasks of school officials have been called "a policing function analogous to the discretionary activities of police officers. [Cit.]" *Guthrie v. Irons*, 211 Ga. App. at 506. To hold school officials responsible based purely on hindsight would be "manifest unfairness," as it "plac[es] the] person in a position in which he is required to exercise his judgment and at the same time is held responsible according to the judgment of others, who may have no experience in the area and may be much less qualified than he to pass judgment in a discerning fashion. . . ." (Citation and punctuation omitted.) *Gilbert v. Richardson*, 264 Ga. at 750.

Because the facts to which Payne testified show the trial court correctly found the school district, Basley, and Bowden immune to suit, we affirm the grant of summary judgment in their favor.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED APRIL 13, 1998.

*Lane & Jarriel, Thomas F. Jarriel*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Lawrence J. Hogan, Beth S. Reeves, Arnold Wright, Jr., James G. Maddox*, for appellees.