A98A0678. DEPARTMENT OF CORRECTIONS et al. v. LAMAINE et al.
(502 SE2d 766)

POPE, Presiding Judge.

In this tort suit against the Georgia Department of Corrections ("DOC") and probation officer Tim Hollingshed, we granted interlocutory appeal to review the trial court's denial of Hollingshed's motion for summary judgment based on arguments including official immunity. We find the law clearly requires that the trial court's decision be reversed and that the case against Hollingshed be dismissed.

The complaints in this case alleged that on February 20, 1990, James Chester, a declared habitual violator without a driver's license, drove his mother's vehicle while under the influence and killed Christy Lamaine. Because Chester was on probation at the time of the collision, Lamaine's father sought to hold the DOC and Hollingshed liable for failing to properly supervise Chester. Lamaine

first sued the DOC on August 29, 1991, and brought a separate suit against Hollingshed on February 18, 1992, which was later combined with the first.

Two of the three enumerations of error address the claims that Hollingshed owed no duty to Christy Lamaine and that any negligence on the part of Hollingshed could not have proximately caused Lamaine's death. We need not address those issues, however, as we find Hollingshed immune from suit.

The issue of immunity is controlled by a 1991 amendment to Ga. Const. 1983, Art. I, Sec. II, Par. IX, which states in relevant part: "(d) Except as specifically provided by the General Assembly in a State Tort Claims Act, all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions. Except as provided in this subparagraph, officers and employees of the state or its departments and agencies shall not be subject to suit or liability, and no judgment shall be entered against them, for the performance or nonperformance of their official functions. The provisions of this subparagraph shall not be waived; (e) Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." That amendment became effective January 1, 1991. See *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 53 (414 SE2d 638) (1992).

While Lamaine's death occurred before the effective date of the constitutional amendment, the amendment applies because Lamaine did not file suit against Hollingshed until February 1992. In *Donaldson*, 262 Ga. at 53, the court held that "the state may withdraw its waiver of sovereign immunity at any time before a citizen acts in reliance on that waiver by filing suit." See also *Bontwell v. Dept. of Corrections*, 226 Ga. App. 524, 526-527 (2) (486 SE2d 917) (1997) (physical precedent only) (holding the amendment applicable when suit was filed in 1991 over a cause of action that accrued in 1989). Neither does the Georgia Tort Claims Act apply, as that limited waiver of immunity is applicable only to cases in which the claim accrued — i.e., the "loss was or should have been discovered" — on or after January 1, 1991. OCGA § 50-21-27 (a).[1]

---

[1] We note that although the claims in *Bontwell* arose from incidents which occurred in

Under the 1991 constitutional amendment state employees "are subject to suit only when they negligently perform or fail to perform their 'ministerial functions' or when they act with actual malice or intent to cause injury in the performance of their 'official functions.' . . . [The amendment] provide[s] immunity for the negligent performance of discretionary acts." *Gilbert v. Richardson*, 264 Ga. 744, 753 (6) (452 SE2d 476) (1994).

Plaintiff first claims that Hollingshed merely performed the "ministerial" act of supervising Chester, as he was required to do by OCGA §§ 42-8-27 and 42-8-29. But the supervision of criminals on probation necessarily requires the allocation of scarce time and resources and the exercise of judgment and discretion. "A discretionary act . . . calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." *Vertner v. Gerber*, 198 Ga. App. 645, 646 (402 SE2d 315) (1991). See *Gilbert*, 264 Ga. at 753 (noting that the purpose of official immunity is to protect "government employees who work in positions where they make policy or exercise discretion"). Here, for example, Lamaine claims among other things that Hollingshed negligently failed to "properly investigate" Chester's allegation that he was not using alcohol or drugs or to "properly investigate" whether Chester was enrolled in an "acceptable" alcohol treatment program.

We have consistently held that one who supervises or monitors another exercises discretion in so doing. See *Bontwell*, 226 Ga. App. at 527-528 (prison official supervising convicts); *Wright v. Ashe*, 220 Ga. App. 91, 93-94 (469 SE2d 268) (1996) (teacher monitoring and supervising students); *McDay v. City of Atlanta*, 204 Ga. App. 621 (1) (420 SE2d 75) (1992) (training and supervision of police officers by superiors); *Vertner*, 198 Ga. App. 646-647 (supervision of inmates). See also *Merrow v. Hawkins*, 266 Ga. 390, 391 (1) (467 SE2d 336) (1996), in which the parties agreed the defendant jailer exercised discretion when he decided to loan his car keys to a "trusty" inmate and the inmate later stole the car and collided with the plaintiff.

Although the dissent concludes that the terms of Chester's probation required Hollingshed to administer drug and alcohol tests to Chester, we are not persuaded that the court's order imposed a ministerial duty upon Hollingshed. Under the terms of probation, Chester was "to submit to regular/random drug/alcohol screens." While it is clear that this order imposed a duty upon Chester to sub-

---

1989, the court discusses claims made pursuant to the Georgia Tort Claims Act. However, the opinion held those claims without merit and did not address whether the GTCA was, in fact, applicable to those claims. 226 Ga. App. at 527-528 (4). As two of the three judges in *Bontwell* concurred in the result only, that opinion is not binding on this Court.

mit to any drug/alcohol tests administered to him, it does not follow that this term imposed a corresponding duty upon Hollingshed to administer such tests. If the court wanted to mandate that Chester be tested, it could have made that requirement explicit. As the order is written, we believe that Hollingshed had the discretion to determine when such tests were needed to assist him in supervising Chester. Hollingshed is, as a matter of law, not liable to Lamaine on any theory that he negligently performed or failed to perform a ministerial duty.

To the extent Lamaine claims Hollingshed is not entitled to immunity because he acted with "actual malice," we reject his argument. The Supreme Court has determined that "actual malice" excludes any concept of "implied malice" or "reckless disregard" and means only "express malice or malice in fact." *Merrow*, 266 Ga. at 392 (2). Chester told Hollingshed he was not using alcohol or drugs, Hollingshed saw no signs of such use, and nothing in the record indicates that Hollingshed in any way actively encouraged or condoned Chester's drinking or drunken driving. As in *Merrow*, 266 Ga. at 392-393 (3), "[t]he record is devoid of any evidence demonstrating that [Hollingshed] acted with actual malice." As Hollingshed is immune from suit over the alleged acts, the trial court should have granted Hollingshed's motion for summary judgment.

*Judgment reversed. Andrews, C. J., McMurray, P. J., Blackburn, Ruffin and Eldridge, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

I respectfully dissent.

Christy Lamaine and a friend were walking along the side of the road in the evening when the inebriated probationer struck and killed both girls.

1. It was not error to deny summary judgment to probation officer Hollingshed. Plaintiff alleged in his complaint that, in part, Hollingshed performed a ministerial duty negligently. If that along with proximate cause is proved, plaintiff will be entitled to relief. *Gilbert v. Richardson*, 264 Ga. 744, 753 (6) (452 SE2d 476) (1994). There is an issue of fact whether Hollingshed's failure to fulfill any of his ministerial duties constituted a proximate cause of Christy's death.

The scope of the probation officer's duties is set out by law in OCGA §§ 42-8-27 and 42-8-29, as appellee points out. It is true that the statutes describe a function that is primarily in the realm of discretion. Such activity would be clothed with official immunity. *Gilbert*, supra; *Doe v. Howell*, 212 Ga. App. 305, 306 (2) (441 SE2d 767) (1994). But in addition, one of the express conditions of probation which had been imposed on the tortfeasor James Chester when he was sentenced nine months before the fatalities occurred, was that

he was "to submit to regular/random drug/alcohol screens."

This court order left to the discretion of the probation officer assigned to Chester the time, frequency, location, and method of such testing. But it did not leave to discretion the decision to screen or not to screen. The court order was a mandate, and in order to give integrity to the court's sentence, it was the probation officer's duty to require Chester's submission to such tests. The probation officer did not have authority to decide not to screen. It was to be done on some "regular" basis. If in fact it was not done in the nine months between Chester's sentencing in May 1989 and Christy Lamaine's death in February 1990, a jury could find that this was a breach of a ministerial duty imposed on the probation officer as an inherent concomitant of the express condition of probation imposed on the defendant.

It is no answer to justify the omission as necessitated by the scarcity of time and resources in the probation office. While that excuse, which is not offered by appellants, may be factually true, it is irrelevant in connection with the implementation and enforcement of a court order.

Appellants respond to plaintiff's allegation regarding screening by contending that Chester's " 'regular' [frequency] for urine screens could very well have been once a year in his discretion." There is no evidence to back this up, and it is the defendant's burden on summary judgment to prove that he cannot be held liable. *Sherin v. Dept. of Human Resources*, 229 Ga. App. 621, 625 (4) (494 SE2d 518) (1997) (official has burden of showing he was acting within the scope of his discretionary authority); see *Jones v. Littlejohn*, 222 Ga. App. 494, 496-497 (2) (474 SE2d 714) (1996) (defendant/movant has burden of proof on summary judgment as to defense of immunity); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). If Hollingshed had discretion to choose to require drug/alcohol screens only once a year, then of course the ministerial aspect of the duty could not be shown to have been violated as the first year of Chester's five-year probationary period had not yet expired.

But if the policy of the Department was to require screens of probationers in Chester's shoes on some other regular basis, then a jury could find a breach of the ministerial duty. It is not unlikely that more was required. There is evidence that, when Chester was sentenced in 1989 for driving under the influence, for no insurance, for leaving the scene of an accident, and for being a habitual violator, he already had six prior DUI's, one prior habitual violator, and two hit and runs.

2. I agree that there is no evidence which would support a finding of "express malice or malice in fact," which would be required in order for plaintiff to recover against probation officer Hollingshed on the exception which lifts immunity for a discretionary act.

DECIDED JUNE 11, 1998 —
RECONSIDERATION DENIED JULY 6, 1998 —

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, John C. Jones, Senior Assistant Attorney General,* for appellants.

*Michael J. Kramer,* for appellees.