A98A1972. BRANTLEY et al. v. DEPARTMENT OF HUMAN RESOURCES.
(509 SE2d 645)

BLACKBURN, Judge.

Donna Kay Brantley and Chris Wynn appeal the trial court's dismissal of their wrongful death claim against the Department of Human Resources contending that the negligent supervision of their daughter by a foster parent was not a discretionary function of a state employee protected by the doctrine of sovereign immunity. See the Georgia Tort Claims Act (OCGA § 50-21-20 et seq.). For sovereign immunity purposes, the supervision of a child by a foster parent is a discretionary function as defined by the Georgia Tort Claims Act (the Act). We affirm.

"[A] motion to dismiss for failure to state a claim . . . should be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of the claim." (Punctuation omitted.) *Dept. of Transp. v. Jackson*, 229 Ga. App. 321, 322 (494 SE2d 20) (1997).

The relevant facts here are undisputed. Lisa Marie Wynn, the daughter of Donna Kay Brantley and Chris Wynn, was in the custody of the Department of Human Resources and had been placed in foster care. On July 18, 1996, one of her foster parents placed her in an inflatable tube in a pool in their backyard. The child slipped out of the tube and drowned. Brantley and Wynn instituted legal action under the Act against the Department of Human Resources, alleging that the Department of Human Resources is liable under the

doctrine of respondeat superior for the negligence of the foster parent in the supervision and control of the child.

"As a general rule, damages are not recoverable against the State absent a waiver of sovereign immunity." *Jackson v. Dept. of Human Resources*, 230 Ga. App. 595, 596 (497 SE2d 58) (1998). "The state [has waived] its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment and [is] liable for such torts in the same manner as a private individual or entity would be liable under like circumstances . . . subject to all exceptions and limitations set forth in [the Act]." OCGA § 50-21-23.

Under one such exception, the state has not waived sovereign immunity for the "exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the discretion involved is abused." OCGA § 50-21-24 (2). Thus, the Act provides "immunity for the negligent performance of discretionary acts." *Northwest Ga. Regional Hosp. v. Wilkins*, 220 Ga. App. 534, 537 (469 SE2d 786) (1996). The Act defines "discretionary function or duty" as "a function or duty requiring a state officer or employee to exercise his or her policy judgment in choosing among alternate courses of action based upon a consideration of social, political, or economic factors." OCGA § 50-21-22. The sole issue on appeal is whether supervision of a foster child by a foster parent falls within the definition of "discretionary function" as defined in the Act such that the Department of Human Resources is protected from suit.

"We have . . . consistently held that the task of school officials to monitor, supervise, and control students is a discretionary action protected by the doctrine of official immunity." (Punctuation omitted.) *Payne v. Twiggs County School Dist.*, 232 Ga. App. 175, 177 (501 SE2d 550) (1998). See *Dept. of Corrections v. Lamaine*, 233 Ga. App. 271, 273 (502 SE2d 766) (1998) ("We have consistently held that one who supervises or monitors another exercises discretion in so doing."). Similarly, we now hold that the supervision of a foster child is a discretionary function of the foster parents employed by the Department of Human Resources. The role of a foster parent necessarily requires the exercise of discretion in the care of the children, including deciding how much supervision is adequate and where the foster parents' attention should be directed at any particular moment. Pursuant to the discretionary function exception to the Act, sovereign immunity has not been waived.

Brantley and Wynn argue that supervision of the child was not a discretionary function as defined by the Act. They rely on *Dept. of Transp. v. Brown*, 267 Ga. 6 (471 SE2d 849) (1996), for the proposition that the discretionary function exception is limited to basic gov-

ernmental policy decisions. In *Brown*, our Supreme Court held that the discretionary function exception to the Act did not apply to claims alleging negligence in the plan or design of roads. The Court found that the planning and design decisions by the DOT were not policy decisions which would entitle the DOT to immunity under the discretionary function exception to the Act.

However, "[g]enerally, the determination of whether an action is discretionary . . . depends on the character of the specific actions complained of, not the general nature of the job, and is to be made on a case-by-case basis. *Wright v. Ashe*, 220 Ga. App. 91, 93 (469 SE2d 268) [(1996)]." (Punctuation omitted.) *Crisp County School System v. Brown*, 226 Ga. App. 800, 803 (487 SE2d 512) (1997). Discretionary functions have been described as acts which require "the exercise of personal deliberation and judgment, entailing examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." (Punctuation omitted.) *Jackson v. Dept. of Human Resources*, supra at 596. Accordingly, it has been held that a caseworker's decision to place a child in a particular foster care setting involved the exercise of discretion and personal judgment such that the state was immune from liability arising out of that placement. Id. Similarly, the decision to discharge a patient from a mental health facility has been held to be a discretionary function. *Wilkins*, supra.

The specific act complained of here is not analogous to the act complained of in *Dept. of Transp. v. Brown*. Brantley and Wynn assert that "[t]he Department of Human Resources is liable for the child's death because [the foster parent] was negligent in his supervision and control of the said child." The facts of this case are more analogous to cases addressing the supervision of children by school officials than to the design and operation of roads addressed in *Dept. of Transp. v. Brown*, supra. See *Payne*, supra; *Lamaine*, supra. Therefore, the trial court did not err in determining that the supervision of the child was a discretionary function protected by the doctrine of sovereign immunity.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 13, 1998 —
RECONSIDERATION DENIED JANUARY 4, 1999

*Westmoreland, Patterson & Moseley, Thomas H. Hinson II*, for appellants.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney*

*General, Marla-Deen Brooks, Brenda A. Raspberry, Assistant Attorneys General*, for appellee.