A99A1020. ROWE v. STATE BOARD OF PARDONS & PAROLE.
(523 SE2d 40)

PHIPPS, Judge.

Kimberly Lynn Rowe died in an automobile collision involving a car driven by Robert Lee Fuller, who was on parole at the time. Daryl Eugene Rowe, as the administrator of Kimberly Rowe's estate, sued the State Board of Pardons & Parole, claiming that the Board's negligent supervision of Fuller was a proximate cause of her death. The trial court granted the Board's motion to dismiss because the Board's supervision of Fuller was a discretionary function of the State, which, under the Georgia Tort Claims Act, is not subject to liability. We agree and affirm.

"[A] motion to dismiss for failure to state a claim . . . should be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of the claim." (Citation and punctuation omitted.) *Dept. of Transp. v. Jackson*, 229 Ga. App. 321, 322 (494 SE2d 20) (1997).

The State, with certain exceptions, has waived its sovereign immunity for the torts of State officers and employees acting in the scope of their official duties. OCGA § 50-21-23 (a). One exception to this waiver is that the State has no liability for losses resulting from a "discretionary function" of a State officer or employee, whether the discretion is abused or not. OCGA § 50-21-24. Under the Georgia Tort Claims Act, "discretionary function" is defined as "a function or duty requiring a state officer or employee to exercise his or her policy judgment in choosing among alternate courses of action based upon a consideration of social, political, or economic factors." OCGA § 50-21-22 (2).

The Board's position is that parolee supervision is discretionary, and therefore not subject to liability. Rowe argues that the Board and its employees failed to perform non-discretionary duties, and that sovereign immunity should not shield the Board from liability. Rowe's complaint lists numerous violations of Fuller's parole that were not reported by his parole officers to the Board. He claims that the Board and its employees failed to perform their duties under OCGA § 42-9-48 (d), which provides

> Any parole supervisor, when he has reasonable ground to believe that a parolee or conditional releasee has violated

the terms or conditions of his parole or conditional release in a material respect, shall notify the board or some member thereof; and proceedings thereupon be had as provided in this Code section.

Rowe claims the statute's requirement that a parolee be reported to the Board is ministerial and not discretionary in nature, and that Fuller's parole officers negligently, wilfully and wantonly failed to perform this duty.

A parole supervisor is expected to use individual judgment in determining whether there is a "reasonable ground to believe" there has been a violation in a "material respect." OCGA § 42-9-48 (d). The use of individual judgment is consistent with the definition of "discretionary" under the Georgia Tort Claims Act. The duties of a parole officer also include supervising people, which is generally held to constitute a "discretionary" function. See *Dept. of Corrections v. Lamaine*, 233 Ga. App. 271, 273 (502 SE2d 766) (1998) ("We have consistently held that one who supervises or monitors another exercises discretion in so doing."); *Payne v. Twiggs County School Dist.*, 232 Ga. App. 175, 177 (2) (501 SE2d 550) (1998).

Before the Georgia Tort Claims Act, the courts recognized immunity for the discretionary acts of public officials, and a line of cases has found actions of the parole board to be discretionary in nature. See, e.g., *Christensen v. State of Ga.*, 219 Ga. App. 10 (464 SE2d 14) (1995); *Mosier v. State Bd. of Pardons &c.*, 213 Ga. App. 545 (2) (445 SE2d 535) (1994); *Neal v. McCall*, 134 Ga. App. 680, 681 (2) (215 SE2d 537) (1975).

Rowe points to *Dept. of Transp. v. Brown*, 267 Ga. 6, 7 (1) (471 SE2d 849) (1996), for the proposition that "the discretionary function exception is limited to basic governmental policy decisions." In *Brown*, the Court found that operational and design decisions by the DOT were not policy decisions which would entitle the DOT to immunity under the discretionary function exception to the Georgia Tort Claims Act. *Brown* was distinguished in *Brantley v. Dept. of Human Resources*, 235 Ga. App. 863 (509 SE2d 645) (1998) (cert. granted). In *Brantley*, the court ruled that supervision of a foster child was a discretionary function under the Georgia Tort Claims Act, noting that "generally, the determination of whether an action is discretionary depends on the character of the specific actions complained of, not the general nature of the job, and is to be made on a case-by-case basis." (Citations and punctuation omitted.) Id. at 865. The court found that supervising children, which has generally been held to be discretionary in nature, was not analogous to the design and operation of roads considered in *Brown*. Id. Similarly, we find that supervision of parolees is different in nature from design and operation of

roads. A parole officer's duties under OCGA § 42-9-48 (d) involve (1) judgment in (2) supervising other people while (3) administering the parole function of the Board, and the weight of these factors is sufficient for us to hold that such duties are discretionary within the meaning of the Georgia Tort Claims Act, and therefore not subject to liability. The trial court's order to dismiss is affirmed.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 28, 1999.

*Dennis P. Helmreich*, for appellant.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Richard N. Sheinis, Assistant Attorney General*, for appellee.