S99G0595. BRANTLEY et al. v. DEPARTMENT OF HUMAN RESOURCES.
(523 SE2d 571)

SEARS, Justice.

We granted certiorari in this case to consider whether the Court of Appeals[1] properly construed the discretionary function exception to state liability under the Georgia Tort Claims Act.[2] For the reasons that follow, we conclude that the Court of Appeals did not properly construe that exception, and we therefore reverse.

On July 18, 1996, two-year-old Lisa Marie Wynn tragically drowned in a pool in the backyard of her foster parents, Victor and Vickie Sheffield. Lisa Marie had been placed in the custody of the Sheffields by the appellee, the Georgia Department of Human Resources (the "DHR"). The appellants, Chris Wynn and Donna Kay Brantley, are the biological parents of Lisa Marie. Brantley and Wynn, whose actions necessitated that the DHR take custody of Lisa Marie, instituted this action under the Georgia Tort Claims Act (the "GTCA") against the DHR. Brantley and Wynn alleged[3] that Mr. Sheffield left Lisa Marie alone in the pool in an inflatable tube, that he was negligent in doing so, and that the DHR was liable under the doctrine of respondeat superior for the negligence of Mr. Sheffield.[4] The trial court, however, dismissed the action, ruling that a foster parent's supervision of a child placed in his custody is a discretionary function, and that therefore Mr. Sheffield's acts fell within the discretionary function exception to the state's waiver of sovereign immunity under the GTCA.[5] The Court of Appeals affirmed, and we then

---

[1] *Brantley v. Dept. of Human Resources,* 235 Ga. App. 863 (509 SE2d 645) (1998).

[2] OCGA § 50-21-20 et seq.

[3] Because the trial court dismissed the appellants' complaint, we are required to accept all of the factual allegations of the complaint as true, *Lathem v. Hestley,* 270 Ga. 849 (514 SE2d 440) (1999), and "all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor," *Anderson v. Flake,* 267 Ga. 498, 501 (480 SE2d 10) (1997).

[4] Foster parents are considered state employees for purposes of the Tort Claims Act. OCGA § 50-21-22 (7).

[5] See OCGA §§ 50-21-22 (2); 50-21-23; 50-21-24 (2).

granted certiorari.

Under this State's Tort Claims Act, the State has agreed to waive its sovereign immunity for the torts of state officials and employees subject to certain exceptions and limitations.[6] One of those exceptions is the so-called discretionary function exception. Under it, the State has no liability for "[t]he exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the discretion involved is abused."[7] The GTCA defines a "discretionary function or duty" as "a function or duty requiring a state officer or employee to exercise his or her policy judgment in choosing among alternate courses of action based upon a consideration of social, political, or economic factors."[8]

In *Department of Transp. v. Brown*,[9] we specifically approved of cases from other jurisdictions that construed their discretionary function exception to apply only to "basic governmental policy decisions," and adopted that same construction for the discretionary function exception set forth in the GTCA.[10] Further emphasizing our concern that the discretionary function exception should be limited to basic governmental policy decisions, we noted that

> [t]he scope of the discretionary function exception urged by [the Department of Transportation], which would include any decision affected by "social, political, or economic factors," is so broad as to make the exception swallow the waiver. Whether to buy copier paper from a particular vendor, and in which colors, are decisions that might be affected by all three factors, but they are not policy decisions.[11]

We also concluded that, in determining the scope of our discretionary function exception, we no longer needed to review cases decided before the GTCA was enacted since the definition of discretionary function set forth in that Act is now controlling. Although this Court has continued to apply the pre-existing definition of discretionary function to cases involving the official immunity of county employees,[12] county employees fall outside the scope of the GTCA,[13] and

---

[6] See OCGA § 50-21-23.

[7] OCGA § 50-21-24 (2).

[8] OCGA § 50-21-22 (2).

[9] 267 Ga. 6 (471 SE2d 849) (1996).

[10] Id. at 7.

[11] Id. at 7.

[12] See *Parrish v. State*, 270 Ga. 878 (514 SE2d 834) (1999); *Gilbert v. Richardson*, 264 Ga. 744, 752-753 (452 SE2d 476) (1994).

[13] *Gilbert*, 264 Ga. at 747; OCGA § 50-21-22 (5).

their actions therefore are not subject to the Act's definition of discretionary function.[14]

In its decision in the present case, the Court of Appeals distinguished *Brown* simply on the fact that *Brown* involved planning and design decisions regarding a road and this case involved a decision regarding the supervision of a child.[15] This distinction, however, fails to account for the statutory definition of discretionary function; fails to account for our discussion of that definition in *Brown*; fails to account for the fact that planning and designing a road requires at least as much exercise of discretion and consideration of policy as the supervision of a two-year-old child; and is an inadequate basis on which to distinguish the two cases. Moreover, at least two other decisions by the Court of Appeals have distinguished *Brown* on the same inadequate factual basis that the Court of Appeals distinguished *Brown* in this case.[16] The Court of Appeals has also decided cases involving the discretionary function exception without mentioning or examining either the statutory definition of discretionary function or, in cases decided after *Brown*, our discussion in *Brown* regarding that definition.[17]

In another case, however, the Court of Appeals has recognized that the definition of discretionary function in § 50-21-22 (2) is a narrower, more restrictive definition than the court-created definition that pre-dated the GTCA.[18] As noted by the Court of Appeals in *Wilkins*,

> [a] sizable body of case law developed prior to the enactment of the 1991 amendment contrasting the "discretionary" acts of a state employee, for which official immunity applied to protect the employee from personal liability, and "ministerial" acts of an employee, for which the employee was potentially personally liable. The cases held that " '(a) discretionary act . . . calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts,

---

[14] For the immunity afforded to state employees, see *Riddle v. Ashe*, 269 Ga. 65, 66 (1) (495 SE2d 287) (1998).

[15] *Brantley*, 235 Ga. App. at 865.

[16] *Bruton v. Dept. of Human Resources*, 235 Ga. App. 291, 295-296 (509 SE2d 363) (1998); *Rowe v. State Board of Pardons & Parole*, 240 Ga. App. 163 (523 SE2d 40) (1999).

[17] *Jackson v. Dept. of Human Resources*, 230 Ga. App. 595 (497 SE2d 58) (1998); *Christensen v. State*, 219 Ga. App. 10 (464 SE2d 14) (1995) (decided before *Brown*, but case does not discuss statutory definition of discretionary function); *Bontwell v. Dept. of Corrections*, 226 Ga. App. 524, 527 (486 SE2d 917) (1997) (the decision quotes the statutory definition of discretionary function from our opinion in *Brown*, but fails to mention our discussion of the significance of that definition).

[18] *Northwest Ga. Regional Hosp. v. Wilkins*, 220 Ga. App. 534, 536 (469 SE2d 786) (1996).

reaching reasoned conclusions, and acting on them in a way not specifically directed.' (Cit.)" *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990). "(T)he intent of the (1991 constitutional) amendment and the Tort Claims Act enacted under its authority is to redraw and redefine the terms of the State's waiver of sovereign immunity." *Gilbert v. Richardson*, 264 Ga. 744, 748 (452 SE2d 476) (1994). Although these cases may provide some guidance, the statutory definition of "discretionary" is narrower than that of the earlier case law, and each alleged tortious act of a state employee must be analyzed in accordance with it.[19]

We take this opportunity to reiterate what we stated in *Brown* and what the Court of Appeals stated in *Wilkins* regarding the significance of the statutory definition of discretionary function: The scope of the discretionary function exception of the GTCA must be determined by the legislative definition of discretionary function and the Act's definition of that term is more narrowly drawn than the definition created by pre-existing case law. Despite the tendency to construe similar terms in a similar fashion, it is clear that the statutory definition of discretionary function stands in stark contrast to the pre-existing case law definition of that term. As noted in *Wilkins*, the pre-existing case law focused on whether the state employee exercised his judgment or discretion.[20] On the other hand, the definition of discretionary function set forth in § 50-21-22 (2) plainly requires not only the exercise of discretion or judgment, but also that that discretion or judgment concern a "policy judgment in choosing among alternate courses of action based upon a consideration of social, political, or economic factors."

This definition of discretionary function is almost identical to the definition of discretionary function that has been developed by the federal courts in construing the discretionary function exception to the Federal Tort Claims Act.[21] In relevant part, the Supreme Court has stated that the purpose of the discretionary function exception under the Federal Tort Claims Act "is to 'prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action

---

[19] *Wilkins*, 220 Ga. App. at 536.

[20] See *Hennessy v. Webb*, 245 Ga. 329, 330-331 (264 SE2d 878) (1980) (discretionary function defined as one in which an officer "is empowered to exercise his judgment in matters brought before him"); *Logue v. Wright*, 260 Ga. 206, 207-208 (392 SE2d 235) (1990) (it was a discretionary function for a deputy to exercise his discretion to respond to the scene of an emergency).

[21] See 28 USC § 2680.

in tort,' "[22] and that, for that reason, "when properly construed, the exception 'protects only governmental actions and decisions based on considerations of public policy.' "[23] Under federal law, the discretionary function exception may apply not only to policy and planning level employees, but also to employees who make day-to-day operational and management decisions.[24] " '[I]t is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case.' "[25]

Turning to the present case, we conclude that the decision to leave a two-year-old child unattended in a swimming pool is an insufficient basis on which to invoke the discretionary function exception. If such a decision were considered a discretionary function, the "exception [would] swallow the waiver."[26] Like the discretion that was exercised in *Brown* in designing and operating a road, the decision whether to leave a two-year-old child unattended in a swimming pool was not a "basic governmental policy decision" and was not the type of governmental decision that should be protected from review by the judiciary. Instead, we conclude that the decision was one of routine child care, and therefore does not fall within the discretionary function exception.

For the foregoing reasons, we reverse the judgment of the Court of Appeals.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 15, 1999.

*Westmoreland, Patterson & Moseley, Thomas H. Hinson,* for appellant.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Brenda A. Raspberry, Assistant Attorney General,* for appellee.

*Craig T. Jones, Reynolds & McArthur, Charles M. Cork III, Mid-*

---

[22] *United States v. Gaubert*, 499 U. S. 315, 323 (111 SC 1267, 113 LE2d 335) (1991), quoting *United States v. Varig Airlines*, 467 U. S. 797, 813 (104 SC 2755, 81 LE2d 660) (1984).

[23] *Gaubert*, 499 U. S. at 323, quoting *Berkovitz v. United States*, 486 U. S. 531, 537 (108 SC 1954, 100 LE2d 531) (1988).

[24] *Gaubert*, 499 U. S. at 325-326.

[25] *Gaubert*, 499 U. S. at 325, quoting *Varig*, 467 U. S. at 813.

[26] *Brown*, 267 Ga. at 7.

dleton, Mathis, Adams & Tate, Maryellen Griffin, The Post Law Firm, Kirk J. Post, Mal S. Duncan, amici curiae.