A99A1317. WASHINGTON et al. v. DEPARTMENT OF HUMAN RESOURCES et al.

(526 SE2d 354)

BLACKBURN, Presiding Judge.

Marzell Washington, individually and as guardian of Charlie C. Edwards, appeals the trial court's order granting summary judgment to the defendants, Middle Flint Behavioral Health Care Community Service Board (Service Board), Dooly County Mental Retardation Center (Retardation Center), Linda Lawson and Jane Doe,[1] in the underlying negligence action. The trial court granted the defendants' motion for summary judgment on several independent grounds. Among other issues, Washington contests the trial court's determination that the defendants' actions were protected by official or qualified immunity. For the reasons set forth below, we affirm the trial court's grant of summary judgment to the Service Board and the Retardation Center, and we reverse the trial court's grant of summary judgment to the Retardation Center's employees, Lawson and Doe.

> "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards." (Emphasis in original.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). On appeal from a grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences therefrom in favor of the nonmoving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802, 803 (500 SE2d 591) (1998); *Lane v. Spragg*, 224 Ga. App. 606 (481 SE2d 592) (1997).

*Padilla v. Hinesville Housing Auth.*, 235 Ga. App. 409 (509 SE2d 698) (1998).

---

[1] The Department of Human Resources (DHR) is also a defendant in the underlying action; however, it did not file a motion for summary judgment and the trial court's order specifically excluded it from the grant of summary judgment to the remaining defendants. DHR is not a party to this appeal.

In her complaint, Edwards, a mentally retarded and mute adult, through her guardian, Washington, alleges that her feet suffered second degree burns as a result of the conduct of Lawson and Doe, employees of the Retardation Center. The complaint further alleges that Edwards attended the Retardation Center, which provided a bus to and from Edwards' home. On the day of the incident, Edwards experienced a bowel movement prior to boarding the bus to go home. The complaint alleges that after Edwards' bowel movement, defendants Lawson and Doe placed Edwards in a bathtub filled with hot water causing her to suffer both mental and physical pain which she was unable to voice because of her muteness.

Defendant Lawson avers that as Edwards was being prepared to be transferred home, she soiled herself with a bowel movement. Lawson and another employee, Martha Wade, decided to change Edwards' clothes and give her a partial bath prior to transferring her home. The partial bath was performed by running several inches of water in a bathtub, mixing hot and cold water to a temperature that in their judgment was appropriate. Edwards stood in the water while Lawson and Wade bathed her with the water. The water splashed the employees, and it was not unreasonably warm. Lawson did not observe any abnormal discoloration, burns, or blisters on Edwards' feet as she dressed Edwards in her shoes and socks. Lawson further averred that in her experience in caring for Edwards, Edwards was able to communicate her likes and dislikes through gestures and sounds, and that Edwards did not display any evidence of pain or discomfort during her bath, while she was being dressed, or while she was being driven home.

1. The plaintiffs contend that the trial court erred in finding that the Service Board and the Retardation Center were entitled to immunity pursuant to OCGA § 37-2-11.1 (c) (1).

Pursuant to such Code section, "community service boards are public agencies in their own right and shall have the same immunity as provided for counties." The 1991 amendment to Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983 provided that the defense of sovereign immunity to tort liability could not be waived by the mere purchase of insurance coverage, but that it could be waived by a legislative act which so provided. "In the exercise of its constitutional authority to waive the defense of sovereign immunity, the General Assembly has enacted the Georgia Tort Claims Act. . . . However, the waiver of sovereign immunity afforded by that statute does not extend to a county." *Woodard v. Laurens County*, 265 Ga. 404, 405 (1) (456 SE2d 581) (1995). See also OCGA § 50-21-22 (5).

Therefore, the Service Board and the Retardation Center are afforded sovereign immunity. Although the plaintiffs contend that the Retardation Center is a separate entity, the evidence indicates

that the Retardation Center is a subdivision of the Service Board created pursuant to OCGA §§ 37-2-6 and 37-2-6.1. The trial court correctly determined that the Service Board and the Retardation Center are provided immunity pursuant to OCGA § 37-2-11.1 (c) (2).

2. We now turn to whether the employees of the Retardation Center, Lawson and Doe, are afforded official immunity.

> Official immunity is applicable to government officials and employees sued in their individual capacities. Damage suits are maintainable in this state against government officers and agents for failure to perform ministerial duties, but such officers and employees are immune from negligence claims when the acts complained of involve a discretionary function of an office. Whether the acts upon which liability is predicated are ministerial or discretionary is determined by the facts of the particular case. A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. A government employee who is invested with discretion and empowered to exercise his judgment in the course of execution of his duties is immune from liability when performing discretionary tasks. The question whether a duty is ministerial or discretionary turns on the character of the specific act, not the general nature of the official's position.

(Citations and punctuation omitted.) *Stone v. Taylor*, 233 Ga. App. 886, 888 (2) (506 SE2d 161) (1998).

This is not a case involving the supervision of an inmate work detail, see *Parrish v. State of Ga.*, 270 Ga. 878 (514 SE2d 834) (1999), a school official's duty to monitor students, see *Payne v. Twiggs County School Dist.*, 232 Ga. App. 175, 177 (501 SE2d 550) (1998), or a county employee's decision regarding adoption of inspection and maintenance procedures, see *Woodard*, supra at 407 (2). In the present case, the allegedly negligent act of bathing Edwards in water that was too hot relates to the ministerial acts of Lawson and Doe in the performance of their official duties in caring for Edwards. The allegations in this case surround the execution of the employees' specific duty to bathe a mentally retarded mute adult, and we must consider that these actions are ministerial in nature.

Although the Supreme Court of Georgia recently addressed the

distinctions between discretionary and ministerial functions in the context of the Georgia Tort Claims Act (GTCA) in *Brantley v. Dept. of Human Resources*, 271 Ga. 679 (523 SE2d 571) (1999), that case dealt with the actions of State employees rather than county employees. The Supreme Court specifically noted that county employees fell outside the scope of the GTCA. Id.

The trial court erred in granting summary judgment to Lawson and Doe.[2]

3. The trial court properly determined that the record contains no evidence which would authorize the imposition of punitive damages. OCGA § 51-12-5.1 (b) provides that an award of punitive damages requires clear and convincing evidence that "the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." The evidence contained in the record does not rise to this level. Cf. *Durben v. American Materials*, 232 Ga. App. 750 (1) (503 SE2d 618) (1998) (summary judgment granted to defendants on punitive damage claim).

*Judgment affirmed in part and reversed in part. Barnes and Ellington, JJ., concur.*

DECIDED NOVEMBER 23, 1999 —
RECONSIDERATION DENIED DECEMBER 7, 1999 — 

*Copeland & Haugabrook, Tyrone N. Haugabrook, Karla L. Walker*, for appellants.
*Jones, Cork & Miller, Thomas C. Alexander*, for appellees.

---

[2] OCGA § 45-9-4.2 provides, in pertinent part, that the employees of nonprofit agencies which contract with the DHR to furnish services to the mentally retarded

shall be provided protection against personal liability for damages sustained by third parties arising out of the provision of authorized services to the mentally retarded by an employee of such agency during the course of such person's employment with such nonprofit agency. The commissioner of administrative services shall prescribe the terms and conditions under which such nonprofit agencies and their employees shall be covered by any liability insurance policy or contract of indemnity or similar program administered by the commissioner pursuant to this article to provide such protection.

This Code section does not provide immunity but rather provides for the protection against personal liability for damages sustained by third parties. As no liability has been established, the application of this Code section is premature.