## A99A1571. DEPARTMENT OF TRANSPORTATION v. CUSHWAY.
### (523 SE2d 340)

ANDREWS, Presiding Judge.

Sean D. Cushway was killed when the automobile he was driving at night on Interstate 75 crashed into a lighted drum placed as a traffic control device at the site of an ongoing road construction project. The project to add a lane to I-75 was under construction by a contractor hired by the Georgia Department of Transportation (DOT). Cushway's surviving spouse, Tera Cushway, alleged in a wrongful death suit against the DOT under the Georgia Tort Claims Act that the fatal crash was caused by the contractor's failure to place adequate traffic control devices to safely guide approaching motorists through the construction area. She claimed the DOT was liable for this failure because it had a duty under the construction contract to supervise the contractor's placement of the traffic control devices, and it negligently failed to ensure that the devices were placed in accordance with the required standards.

The DOT conceded that it had a contractual duty to ensure that the contractor placed the traffic control devices in accordance with the required standards, but moved for summary judgment on the basis that Cushway's claim was a professional negligence claim, and no expert affidavit was filed with the complaint as required by OCGA § 9-11-9.1.[1] The trial court denied the motion ruling that Cushway's entire claim sounded in ordinary negligence and that no expert affidavit was required.

We granted the DOT's application for an interlocutory appeal to review the denial of summary judgment. Because we find that Cushway's complaint sounds partly in professional negligence and partly in ordinary negligence, we affirm in part and reverse in part.

Since the average layperson is not familiar with the design and function of traffic control devices, when a plaintiff claims that the choice and placement of traffic control devices were negligent, the

---

[1] The DOT preserved this defense by raising the failure to file the expert affidavit in its initial responsive pleading to the complaint.

claim usually asserts negligent engineering design decisions which sound in professional negligence and require that an expert affidavit in compliance with OCGA § 9-11-9.1 accompany the complaint. *Dept. of Transp. v. Brown*, 267 Ga. 6, 7-8 (471 SE2d 849) (1996); *Dept. of Transp. v. Mikell*, 229 Ga. App. 54, 56-60 (493 SE2d 219) (1997). In the present case, the contract between the DOT and the contractor provided that the traffic control devices would be placed in accordance with the standards of the Manual on Uniform Traffic Control Devices (MUTCD), which has been recognized in Georgia as setting forth generally accepted engineering design standards for such devices. *Brown*, 267 Ga. at 8; OCGA § 32-6-50. It has also been recognized that the MUTCD contains standards that fall into mandatory, advisory, and permissive categories. *Mikell*, 229 Ga. App. at 57-58. Because MUTCD standards in the advisory and permissive categories necessarily involve the exercise of professional engineering judgment in their application, the OCGA § 9-11-9.1 affidavit of an engineering expert must accompany the complaint alleging violations in those categories. Id. at 56-58. A complaint charging the violation of a mandatory MUTCD standard does not need an expert affidavit if the application of the standard requires no professional engineering judgment.

The complaint in this case alleges that the placement of the traffic control devices at the construction site failed to give Cushway adequate warning at night of an approaching lane closure in which lighted signs were used to give advance warning of the approaching lane closure, and a tapered line of lighted drums was used to gradually close the lane. The complaint states that the failure caused Cushway to hit one of the drums which, in turn, caused a light attached to the drum to separate from the drum, crash through the windshield of the car, and fatally injure Cushway. The complaint alleges various negligent failures to comply with the standards of the MUTCD in the placement of the traffic control devices.[2] The allegations may be summarized as follows: (1) advance warning signs were inadequate, were not placed at proper distances, and did not properly warn motorists to reduce speed; (2) the lights on the signs and drums were not bright enough to be clearly visible;[3] (3) the light which separated from the drum hit by the car was not properly attached to the drum; and (4) advance warning signs were placed that contained

---

[2] The charge that the DOT's failure to supervise and inspect placement of the devices was the negligent act does not change the analysis. Even if the DOT's supervision or inspection was negligent, it was a proximate cause of the complained-of accident only if the devices themselves were placed in a manner that violated the applicable standards.

[3] In addition to supplemental lights, the drums displayed reflectorized stripes as required by the MUTCD.

inaccurate and confusing information as to the distance of the approaching construction site.

We find that the first three of the above four allegations fall within the advisory or permissive categories of the MUTCD and therefore sound in professional negligence requiring that an expert affidavit under OCGA § 9-11-9.1 accompany the complaint. See *Mikell*, 229 Ga. App. at 58. Accordingly, the trial court erred to the extent it denied summary judgment to the DOT with respect to these three allegations of the complaint. As to the fourth allegation — that warning signs gave Cushway inaccurate and confusing information as he approached the construction site — we find that this allegation of the complaint sounds in ordinary negligence. It does not require the exercise of professional engineering judgment to support a claim that warning signs which gave Cushway inaccurate and confusing information about the approaching construction site constituted negligence which contributed to the fatal accident. Accordingly, the trial court correctly denied summary judgment to the DOT as to this allegation.[4]

*Judgment affirmed in part and reversed in part. Ruffin, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED OCTOBER 6, 1999 —
RECONSIDERATIONS DENIED OCTOBER 21, 1999 — ▮▮▮▮▮▮▮▮

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General*, for appellant.
*Gerry E. Holmes*, for appellee.

---

[4] The DOT also sought summary judgment as to this allegation on the basis that the design standards exception in OCGA § 50-21-24 (10) rendered it immune from suit under the Georgia Tort Claims Act (OCGA § 50-21-20 et seq.). Since on the present record a factual question exists as to whether the DOT violated generally accepted nonexpert design standards concerning the accuracy of information given in the advance warning signs, this exception did not entitle the DOT to summary judgment.