S99G0900. EDWARDS et al. v. DEPARTMENT OF CHILDREN & YOUTH SERVICES.

(525 SE2d 83)

FLETCHER, Presiding Justice.

We granted certiorari to consider whether state employees perform a "discretionary function" under the Georgia Tort Claims Act when they make decisions on the emergency medical treatment of juveniles in state custody.[1] Adhering to our previous opinions that the discretionary function exception to the tort claims act requires the exercise of a policy judgment, we hold that the decision of state employees on the type of emergency medical treatment to provide incarcerated juveniles is not a discretionary function as that term is defined in the statute. As a result, the state is not immune from liability under the discretionary function exception in this case. Therefore, we reverse.

Fifteen-year-old Latasha Edwards died from a subdural hematoma while incarcerated at the Macon Youth Development Center. Her parents sued the Georgia Department of Children & Youth Services under the Georgia Tort Claims Act, alleging that YDC employees were negligent in failing to provide proper medical care to Edwards. The trial court ruled that the claims were barred under the discretionary function exception of OCGA § 50-21-24 (2) and granted summary judgment to the state. The Court of Appeals of the State of Georgia affirmed on the grounds that the state employees exercised a discretionary decision in determining the type of medical care to provide and were therefore subject to immunity.[2] In granting the writ of certiorari, we asked the parties to address whether the court of appeals improperly expanded the meaning of "discretionary function" to decisions of state employees that are not related to policy judgments.

*Ambiguous Legislative History of Georgia Tort Claims Act*

The Georgia Tort Claims Act grants a "limited waiver" of the state's sovereign immunity.[3] Under the act, the state waives its sov-

---

[1] See OCGA § 50-21-24 (2) (discretionary function exception).

[2] See *Edwards v. Department of Children & Youth Services,* 236 Ga. App. 696 (512 SE2d 339) (1999).

[3] See OCGA § 50-21-23.

ereign immunity for the torts of state employees while acting within the scope of their official duties "in the same manner as a private individual or entity would be liable under like circumstances" subject to the act's exceptions and limitations.[4]

In construing a statute, we must look at the legislative intent, "keeping in view at all times the old law, the evil, and the remedy" and give ordinary "signification" to all words.[5] The General Assembly states its intent in the second section of the act. In that section, it acknowledges that the strict application of sovereign immunity produces "inherently unfair and inequitable results."[6] It further states that, unlike private enterprise, state government does not have the flexibility to choose its activities and control its exposure to liability, but instead must provide a broad range of services and perform a variety of functions. As a result, state government should not have the duty to do everything possible, and the state's exposure to tort liability must be limited. In conclusion, "it is declared to be the public policy of this state that the state shall only be liable in tort actions within the limitations of this article and in accordance with the fair and uniform principles established in this article."[7]

A major exception to state liability under the act is the "discretionary function" exception. Under this exception, the state shall have no liability for losses resulting from the "exercise or performance of . . . a discretionary function or duty on the part of a state officer or employee."[8] The act defines "discretionary function or duty" to mean "a function or duty requiring a state officer or employee to exercise his or her policy judgment in choosing among alternate courses of action based upon a consideration of social, political, or economic factors."[9]

A review of the legislative history provides limited insight into the legislative intent in enacting the discretionary function exception.[10] On the one hand, it appears that the legislature intended to limit the state's overall exposure to tort liability; on the other hand, the legislature enacted a relatively narrow definition of discretionary function as an exception to state liability. The state act was patterned "in most respects" after the Federal Tort Claims Act, and the discretionary function exception is similar to the federal exception as

---

[4] Id.

[5] OCGA § 1-3-1.

[6] OCGA § 50-21-21 (a).

[7] Id.

[8] OCGA § 50-21-24 (2).

[9] OCGA § 50-21-22 (2).

[10] See Charles N. Kelley, Jr., *Georgia Tort Claims Act: Provide a Limited Waiver of Sovereign Immunity*, 9 GA. ST. U. L. REV. 349, 352 n.32 (1992) (mentioning "discretionary acts" as one of a "long lists of acts" for which the state will not accept liability).

developed by case law.[11] The purpose of the exception under the federal act is to prevent the courts from substituting their own judgment for the policy decisions of the executive and legislative branches of government.[12]

*Interpreting the Discretionary Function Exception to the Act*

In *Department of Transportation v. Brown*,[13] this Court first considered the scope of the discretionary function exception in the Georgia Tort Claims Act. Because the statute included a definition of discretionary function or duty, we explicitly rejected our prior case law that distinguished between the discretionary and ministerial acts of state employees as the basis for state liability. Instead, we approved of decisions from other jurisdictions holding that the discretionary function exception applies only to basic governmental policy decisions, rejecting the state's argument that the exception includes any decision affected by social, political, or economic factors.[14]

Last term, we again considered the application of the discretionary function exception in *Brantley v. Department of Human Resources*.[15] In that case, we reiterated that the more narrow statutory definition of discretionary function controls in claims against state employees over the definition that had been developed in prior case law and applied in several cases by the court of appeals.[16] The plain meaning of the statutory exception is that the state employee must exercise a "policy judgment" in choosing among various alternative actions based on social, political, and economic factors. We concluded that the foster parent's decision to leave a two-year-old child unattended in a swimming pool was not a basic policy decision entitled to protection from review under the tort claims act.

In their briefs, the Edwards do not challenge the department's failure to promulgate appropriate policies and procedures for the diagnosis and referral of sick inmates or its failure to train and supervise personnel in implementing those policies and procedures; instead, the Edwards contend that the department's nursing staff and other employees failed to properly assess their daughter's condi-

---

[11] See David J. Maleski, *The 1992 Georgia Tort Claims Act*, 9 GA. ST. U. L. REV. 431, 448 (1993).

[12] See *Brantley v. Department of Human Resources*, 271 Ga. 679 (523 SE2d 571) (1999); Maleski, supra note 11, at 448.

[13] 267 Ga. 6 (471 SE2d 849) (1996).

[14] Id. at 7.

[15] 271 Ga. 679.

[16] See id. at 681-682 (discussing court of appeals cases); see also *Northwest Ga. Reg'l Hosp. v. Wilkins*, 220 Ga. App. 534 (469 SE2d 786) (1996) (noting that statutory definition of "discretionary" in tort claims act is more narrow than earlier case law defining "discretionary acts" of state employees).

tion and seek adequate medical care for her. The staff's medical decisions about the proper diagnosis and treatment of Edwards do not involve *policy judgments* based on social, political, or even economic factors.[17] As other state courts have held, decisions on emergency medical care are not the type of basic governmental policy decision that the tort claims act intended to protect from liability.[18] Because we find this reasoning both persuasive and consistent with the purpose of our act, we hold that the decision of state employees on the type of emergency medical care to provide incarcerated juveniles does not fall within the discretionary function exception to the Georgia Tort Claims Act.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 18, 2000.

*Watkins, Lourie & Roll, Joseph W. Watkins, Lance D. Lourie, Langdale, Vallotton, Linahan & Threlkeld, William P. Langdale III, William P. Langdale, Jr.,* for appellants.

*Capers, Dunbar, Sanders & Bruckner, Paul H. Dunbar III, Ziva P. Bruckner, Shivers & Associates, Patricia Guilday, Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General,* for appellee.

*Middleton, Mathis, Adams & Tate, Charles A. Mathis, Jr., Mills, Moraitakis, Kushel & Pearson, Glenn E. Kushel,* amici curiae.

---

[17] See *Magee v. United States*, 121 F3d 1 (1st Cir. 1997) (decisions about specific medical treatment fall outside protection of discretionary function exception); *Rise v. United States*, 630 F2d 1068, 1072 (5th Cir. 1980) (failure to provide proper medical care cannot be considered the exercise of a discretionary function); *Jackson v. Kelly*, 557 F2d 735 (10th Cir. 1977) (discretionary function exception does not absolve government from liability for negligent medical care).

[18] See, e.g., *Darling v. Augusta Mental Health Inst.*, 535 A2d 421 (Me. 1987) (distinguishing between psychiatrist's decision concerning involuntary commitment to state mental hospital, which constitutes a discretionary function, and doctor's negligent medical treatment of patient); *Kelley v. Rossi*, 481 NE2d 1340 (Mass. 1985) (treating physician in hospital emergency room was not engaged in a discretionary function under exception to state tort claims act); *Peterson v. Traill County*, 601 NW2d 268 (N.D. 1999) (jailer's failure to transfer inmate suffering from alcohol withdrawal "is an ordinary individualized judgment made by jailers as part of their routine work duties" and not a discretionary function).