## A01A1656. DEPARTMENT OF TRANSPORTATION v. MONTGOMERY TANK LINES, INC.
## A01A1657. DEPARTMENT OF TRANSPORTATION v. RELIANCE NATIONAL INDEMNITY COMPANY.

(558 SE2d 723)

MIKELL, Judge.

On November 7, 1997, a tractor-trailer driven by Ben A. Rozier, an employee of Montgomery Tank Lines, Inc., tragically collided head-on with a vehicle driven by Lawrence Parker. Parker was killed, and his estate and children brought a wrongful death action against Rozier, Montgomery Tank Lines, and its insurer, Reliance National Indemnity Company. The Georgia Department of Transportation ("Department") was not named as a defendant. However, Montgomery and Reliance ("appellees") provided notice of the wrongful death suit to the Department in accordance with OCGA § 50-21-26 of the Georgia Tort Claims Act,[1] claiming that the Department negligently designed and maintained the intersection where the collision occurred. Appellees stated their intention to seek contribution and/or indemnification for any judgment awarded against them and invited the Department to intervene in the lawsuit. The Department did not respond to appellees' ante litem notice other than to acknowledge receipt thereof.

The parties settled the wrongful death suit for $1.2 million; Reliance paid $700,000 toward the settlement, and Montgomery contributed $500,000. Appellees then instituted separate yet identical actions for contribution and/or indemnification against the Department. Asserting that it had not waived its sovereign immunity for contribution and indemnity claims, the Department moved to dismiss the actions. The trial court denied the motions but certified its orders for immediate review. We granted the Department's applications for interlocutory appeal to resolve this issue of first impression in Georgia. Because the appeals are identical, we consolidate them for disposition in a single opinion.

The GTCA was enacted pursuant to a 1991 amendment to the state constitution[2] in order to eliminate "the inherently unfair and inequitable results which occur in the strict application of the traditional doctrine of sovereign immunity."[3] The Act grants a limited waiver of the state's sovereign immunity, allowing "demand against the State of Georgia for money only on account of loss caused by the

---

[1] OCGA § 50-21-20 et seq.

[2] Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e).

[3] (Punctuation omitted.) *Dept. of Human Resources v. Mitchell*, 238 Ga. App. 477, 481 (2) (518 SE2d 440) (1999).

tort of any state officer or employee."[4] "Loss" is defined as "personal injury; disease; death; damage to tangible property . . . ; pain and suffering; mental anguish; and any other element of actual damages recoverable in actions for negligence."[5] The Department concedes that Parker's wrongful death falls within this definition of "loss."

Further, "[u]nder the act, the state waives its sovereign immunity for the torts of state employees while acting within the scope of their official duties in the same manner as a private individual or entity would be liable under like circumstances subject to the act's exceptions and limitations."[6]

In *Dept. of Transp. v. Brown*,[7] this Court construed the above-quoted language as permitting the Department to be held liable as a joint tortfeasor for negligently failing to install a traffic light at an intersection where a mother and her two daughters were killed. Subsequently, in *Dept. of Transp. v. Blair*,[8] which involved a wrongful death suit brought against the Department alleging negligent maintenance of a stop sign at an intersection where a fatal collision occurred, we recognized the Department's right to bring an action for contribution against the alleged joint tortfeasor — the driver of the vehicle in which the deceased was killed. It follows that since the state may be held liable as a joint tortfeasor, and since Georgia law permits contribution among joint tortfeasors,[9] so too may the state be sued for contribution. In addition, since the law recognizing the right of contribution applies equally to claims of indemnity,[10] the state is not immune from indemnity claims either. We thus affirm the decision of the trial court.

The conclusion we reach today has long been the position held by federal courts when interpreting the Federal Tort Claims Act. The FTCA's waiver of sovereign immunity "normally encompasses claims for contribution or indemnification where the law of the relevant state would hold a private individual liable for contribution or indemnification in the same circumstances."[11] Moreover, the "state

---

[4] OCGA § 50-21-22 (1).

[5] OCGA § 50-21-22 (3).

[6] (Punctuation omitted.) *Edwards v. Dept. of Children &c. Svcs.*, 271 Ga. 890-891 (525 SE2d 83) (2000), citing OCGA § 50-21-23 (a).

[7] 218 Ga. App. 178, 183-184 (6) (460 SE2d 812) (1995).

[8] 220 Ga. App. 342, 345 (2) (469 SE2d 446) (1996).

[9] OCGA § 51-12-32.

[10] Id.; *State Farm Fire &c. Co. v. American Hardware Mut. Ins. Co.*, 224 Ga. App. 789, 793-794 (4) (a) (482 SE2d 714) (1997).

[11] *Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F3d 91, 96-97 (V) (3rd Cir. 1995), citing *Lockheed Aircraft Corp. v. United States*, 460 U. S. 190, 196-198 (103 SC 1033, 74 LE2d 911) (1983), and *United States v. Yellow Cab Co.*, 340 U. S. 543, 546-552 (71 SC 399, 95 LE 523) (1951).

act was patterned 'in most respects' after the [FTCA]."[12] Still, the Department contends that despite its ability to seek contribution from a joint tortfeasor, a private entity does not have the same privilege. The U. S. Supreme Court rejected the same argument in holding that the federal government had waived its sovereign immunity under the FTCA for claims of contribution and indemnification in a case involving a collision between a taxicab and a U. S. mail truck.

> Of course there is no immunity from suit by the Government to collect claims for contribution due it from its joint tortfeasors. . . . It is fair that this should work both ways. However, if the Act is interpreted as now urged by the Government, it would mean that if an injured party recovered judgment against the Government, the Government then could sue its joint tort-feasor for the latter's contributory share of the damages. . . . On the other hand, if the injured party recovered judgment against the private tort-feasor, it would mean that . . . that individual could not sue the Government for the latter's contributory share of the same damages. . . . Such a result should not be read into this Act. . . .[13]

We find this reasoning persuasive. As the Department could have been named as a defendant in the underlying wrongful death action, so too may it be sued for contribution and/or indemnity arising out of the same loss. Accordingly, the trial court did not err in denying the Department's motions to dismiss these actions.

*Judgments affirmed. Blackburn, C. J., and Pope, P. J., concur.*

ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, the Department argues that this court overlooked the controlling authority of *Dept. of Human Resources v. Coley*, 247 Ga. App. 392 (544 SE2d 165) (2000) (whole court), when we stated that the GTCA was patterned after the FTCA "in most respects." *Coley*, however, merely rejected the notion "that the GTCA is simply a 'clone' of the FTCA." Id. at 395 (2). In fact, some distinctions do exist, and the one at issue in *Coley* was the assault and battery exception to the waiver of sovereign immunity, OCGA § 50-21-24 (7). Accordingly, in *Coley*, it was "necessary to look at the Georgia language on its own terms, and not simply to defer to federal cases construing a substantially different statute." Id. at 396. In the

---

[12] *Edwards v. Dept. of Children &c. Svcs.*, supra, 271 Ga. at 891.
[13] (Emphasis omitted.) *United States v. Yellow Cab Co.*, supra, 340 U. S. at 551-552.

instant case, however, the relevant Georgia and federal statutes are nearly identical, and it is entirely appropriate to rely on cases interpreting the federal law. OCGA § 50-21-23 (a) provides as follows: "The state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment and shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances. . . ." Similarly, the federal statute states: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 USC § 2674. It follows that our decision is consistent with *Coley*.

*Motion for reconsideration denied.*

DECIDED NOVEMBER 1, 2001 —
RECONSIDERATION DENIED JANUARY 4, 2002 — 

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General*, for appellant.

*Arnall, Golden & Gregory, Stefan C. Passantino, James A. Gober, Trevor A. Parssinen*, for appellees.

*Bovis, Kyle & Burch, John H. Peavy, Jr.*, amicus curiae.