## A01A2476. DEPARTMENT OF TRANSPORTATION v. FEDERAL EXPRESS CORPORATION.

### (561 SE2d 470)

MILLER, Judge.

Charles Smith was killed in an accident in which the vehicle he was driving collided with a Federal Express Corporation vehicle. Smith's widow filed a wrongful death action against Federal Express and others. Federal Express settled with Smith's widow and in turn filed a complaint for contribution against the Georgia Department of Transportation (DOT) due to its negligence in the construction, operation, and design of the intersection where the collision occurred. The trial court denied DOT's motion to dismiss the complaint on the grounds of sovereign immunity, and DOT appeals.

Under the Georgia Tort Claims Act,

[t]he state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment and shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances; provided, however, that the state's sovereign immunity is waived subject to all exceptions and limitations set forth in this article.

OCGA § 50-21-23 (a). A "loss" is defined as "personal injury; disease; death; . . . including lost wages and economic loss to the person who suffered the injury, disease, or death; . . . and any other element of actual damages recoverable in actions for negligence." OCGA § 50-21-22 (3). The Act also lists certain possible exceptions to the state's liability. See OCGA § 50-21-24. One of the listed exceptions provides that the state shall have no liability from "[t]he plan or design for construction of or improvement to highways, roads, [or] streets, . . . where such plan or design is prepared in substantial compliance with generally accepted engineering or design standards in effect at the time of preparation of the plan or design." OCGA § 50-21-24 (10). Federal Express in this case, however, presented unrebutted evidence that the plan and design for the intersection were not in substantial compliance with generally accepted engineering or design standards. For this reason, this exception does not apply.

DOT argues that the loss suffered by Federal Express is not the type of loss set forth in the statute, because contribution is not included within the statutory definition of losses, and because Federal Express is suing DOT on account of the economic loss it sustained when it settled with Smith's widow. DOT's arguments are misplaced because Federal Express is not seeking contribution for its loss but for the loss suffered in the death of Smith. Contribution is

not listed as a "loss" under the statute because contribution is simply an avenue through which a recoverable loss is pursued against a joint tortfeasor, in this case, the state. See OCGA § 51-12-32 (a). As a joint tortfeasor, DOT "shall be liable for such torts in the same manner as a private individual or entity would be . . . under like circumstances." OCGA § 50-21-23 (a). It follows that in this case, DOT as a joint tortfeasor would be liable for the loss in the death of Smith. Thus, as the means by which that loss is recovered, contribution would not be listed as a loss itself. Just as DOT could have sought contribution from Federal Express had DOT been the named defendant in the underlying action, Federal Express may sue DOT for contribution arising out of the same loss. See *Dept. of Transp. v. Montgomery Tank Lines*, 253 Ga. App. 143, 145 (558 SE2d 723) (2001).

Unlike *Dept. of Human Resources v. Coley*, 247 Ga. App. 392, 393 (1) (544 SE2d 165) (2000), where an exception listed in OCGA § 50-21-24 applied, there is no applicable exception here. Thus, as Federal Express is seeking contribution based on negligent maintenance and design of the intersection, which would fall under the limited waiver provision of OCGA § 50-21-23 (a) as a tort of a state officer or official, the state's sovereign immunity is waived, and the trial court did not err in denying the DOT's motion to dismiss this action. See *Montgomery Tank Lines*, supra.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED MARCH 7, 2002 —

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General*, for appellant.

*Bovis, Kyle & Burch, John H. Peavy, Jr., Ratcliffe, Smith & Grinstead, James W. Smith*, for appellee.