S02G0700. DEPARTMENT OF TRANSPORTATION et al.
v. MONTGOMERY TANK LINES, INC.
S02G0701. DEPARTMENT OF TRANSPORTATION et al.
v. RELIANCE NATIONAL INDEMNITY COMPANY.
S02G1028. DEPARTMENT OF TRANSPORTATION v. FEDERAL
EXPRESS CORPORATION.
(575 SE2d 487)

SEARS, Presiding Justice.

We granted certiorari in these cases to determine whether the Court of Appeals erred in holding that the waiver of sovereign immunity set forth in the Georgia Tort Claims Act (the "GTCA") applies to lawsuits seeking contribution and indemnity from the State on the ground that it was a joint tortfeasor.[1] We conclude that the GTCA waives the State's sovereign immunity for such claims so long as the activity of the State that is alleged to make it a tortfeasor, and thus subject to a claim for contribution or indemnity, does not fall within one of the exceptions to the waiver of sovereign immunity listed in OCGA § 50-21-24. Because the Court of Appeals's judgment in Case Nos. S02G0700 and S02G0701 is consistent with our holding, we affirm the Court of Appeals's judgment in those cases. On the other hand, although the Court of Appeals's judgment in Case No. S02G1028 is consistent with our holding, it prematurely decided the issue whether the alleged tortious activity of the State fell within an

---

[1] *Dept. of Transp. v. Montgomery Tank Lines*, 253 Ga. App. 143 (558 SE2d 723) (2002); *Dept. of Transp. v. Federal Express*, 254 Ga. App. 149 (561 SE2d 470) (2002).

exception set forth in § 50-21-24. Accordingly, in that case, we affirm the Court of Appeals's judgment in part and vacate it in part.[2]

1. To begin, we note that the GTCA waives the State's sovereign immunity in broad language. In this regard, OCGA § 50-21-23 (a) provides as follows:

> The state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment and shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances; provided, however, that the state's sovereign immunity is waived subject to all exceptions and limitations set forth in this article.

As recognized by the Georgia Department of Transportation (the "DOT"), the language of § 50-21-23 that precedes the word "provided" is broad enough to include claims for contribution and indemnity.[3] The DOT, however, contends that the definition of "loss" set forth in OCGA § 50-21-22 (3)[4] is a "limitation" on the waiver of sovereign immunity, and absolutely precludes any claims against the State for contribution and indemnity. More specifically, the DOT contends that the losses specifically listed in § 50-21-22 (3) – "personal injury; disease; death; damage to tangible property, including lost wages and economic loss to the person who suffered the injury, disease, or death; pain and suffering; [and] mental anguish" – are all first-party losses, meaning that sovereign immunity is waived only for a person who directly suffered the personal injury, disease, death, or other loss. According to the DOT, under the principle of ejusdem generis,[5]

---

[2] The facts of the foregoing cases are set out in the Court of Appeals's opinions and will not be reiterated here.

[3] Because this Court can discern no logical reason for treating claims for contribution and indemnity differently for purposes of sovereign immunity, this opinion will sometimes refer to both types of actions and sometimes to only one of them. See OCGA § 51-12-32; *State Farm Fire &c. Co. v. American Hardware Mut. Ins. Co.*, 224 Ga. App. 789, 793-794 (4) (a) (482 SE2d 714) (1997).

[4] OCGA § 50-21-22 (3) provides as follows:
"Loss" means personal injury; disease; death; damage to tangible property, including lost wages and economic loss to the person who suffered the injury, disease, or death; pain and suffering; mental anguish; and any other element of actual damages recoverable in actions for negligence.

[5] In Latin, "ejusdem generis" means "of the same kind or class." Black's Law Dictionary, p. 535 (7th ed. 1999).
"It is a well-recognized rule of construction that when a statute or document enumerates by name several particular things, and concludes with a general term of enlargement, this latter term is to be construed as being ejusdem generis with the things specifically named, unless, of course, there is something to show that a wider sense was intended."
*State v. Mulkey*, 252 Ga. 201, 203 (312 SE2d 601) (1984), quoting *Beavers v. LeSueur*, 188

the broad last clause in § 50-21-22 (3), which provides that loss means "any other element of actual damages recoverable in actions for negligence," must be construed to include only other first-party losses. The DOT concludes by contending that contribution and indemnification are not such first-party losses and thus are not included within the loss definition. For the reasons that follow, we disagree with this limited interpretation of the term "loss."

As previously noted, the principle of ejusdem generis does not apply when there is something to show that a wider sense was intended by the term of enlargement.[6] Stated somewhat differently, the principle "does not control . . . when the whole context dictates a different conclusion,"[7] or if there is no "ambiguity in the statute."[8] For example, in *Espy*, the statute at issue "forbid[ ] 'any inspector, deputy inspector, chief inspector, or other officer or employee of the United States authorized to perform any of the duties prescribed by this sub-chapter' [from] accept[ing] gratuities."[9] Espy, the Secretary of Agriculture, relied on the principle of ejusdem generis to contend that the general phrase beginning with "other officer" was limited by the specific items listed before it so that the general phrase included only those who actually inspected meat. The appellate court disagreed, ruling that there was no ambiguity in the statutory language to which the principle of ejusdem generis could be applied. The court held that Espy was clearly an "other officer authorized to perform . . . duties prescribed by this subchapter," as several statutes within the subchapter authorized the Secretary to perform certain duties. The court thus concluded that although Espy did not conduct meat inspections, he was covered by the statute.[10]

In the present case, we conclude that the term of enlargement is specific and unambiguous and requires a broader meaning than that attributed to it by the DOT. The phrase of enlargement is "any other element of actual damages recoverable in actions for negligence." Clearly, an action for contribution and indemnification is an action for negligence,[11] and the damages that the contribution plaintiffs seek to recover are unquestionably an element of actual damages, as the contribution plaintiff who, as in this case, settles with the origi-

---

Ga. 393, 403 (3) (3 SE2d 667) (1939).

[6] *Mulkey*, 252 Ga. at 203.

[7] *Norfolk & W. R. Co. v. American Train Dispatchers' Assn.*, 499 U. S. 117, 129 (111 SC 1156, 113 LE2d 95) (1991).

[8] *United States v. Espy*, 145 F3d 1369, 1371 (D.C. Cir. 1998).

[9] *Espy*, 145 F3d at 1370, quoting 21 USC § 622.

[10] Id. at 1371-1372. Accord *Norfolk & W. R. Co.*, 499 U. S. at 129.

[11] See Prosser & Keeton, The Law of Torts, § 50, p. 339 (contribution plaintiff must show that contribution defendant is a tortfeasor and is liable to the original plaintiff); *Krasaeath v. Parker*, 212 Ga. App. 525, 526 (1) (441 SE2d 868) (1994); OCGA § 51-12-32.

nal plaintiff, is attempting to recover the actual damages paid to the original plaintiff and in doing so must prove that the settlement amount was reasonable.[12] In summary, the concluding phrase of the "loss" definition is specific and unambiguous and is broad enough to include claims for contribution and indemnification.

Furthermore, although specific "exceptions" to the waiver of sovereign immunity are set forth in OCGA § 50-21-24 (1)-(13), contribution and indemnity actions are not listed as exceptions, which further buttresses the conclusion that such actions against the State are not categorically precluded by the GTCA. Having said the foregoing, however, we also conclude that when the conduct that is alleged to make the State a joint tortfeasor, and thus subject to a claim for contribution or indemnity, is the type of conduct that does fall within one of the exceptions listed in § 50-21-24, the action would be excepted from the State's waiver of sovereign immunity. Conversely, when the conduct that is alleged to make the State a tortfeasor for purposes of a contribution or indemnity claim does not fall within one of the exceptions listed in § 50-21-24, a holding that the State has waived sovereign immunity for such claims is not contrary to the legislative intent expressed in OCGA § 50-21-21 that the State "only be liable in tort actions within the limitations of this article." The reason is that such a claim would be predicated upon the loss suffered by the original plaintiff and upon the conduct of a State employee for which the State has agreed to waive its sovereign immunity.[13] If the original plaintiff could sue the State for the conduct of its employee,[14] permitting a contribution claim against the State based upon that conduct does not open the State treasury to unanticipated losses for unanticipated acts of State employees.

2. This interpretation of the GTCA is consistent with the United States Supreme Court's interpretation of the Federal Tort Claims Act ("FTCA") in *United States v. Yellow Cab Co.*[15] In that case, the applicable part of the FTCA provided that the United States waived its sovereign immunity

"for money only, accruing on and after January 1, 1945, on

---

[12] See Prosser at 339.

[13] In this regard, the private joint tortfeasor who sues for contribution must show that the State employee committed a tort against the injured party, that the State is liable to the injured party, and that, if the private joint tortfeasor settled with the injured party, his settlement with the injured party is reasonable based on the injured party's damages.

[14] For some cases involving claims by injured parties against the State, see *Norris v. Dept. of Transp.*, 268 Ga. 192 (486 SE2d 826) (1997); *Hubbard v. Dept. of Transp.*, 256 Ga. App. 342 (568 SE2d 559) (2002); *Dept. of Transp. v. Carr*, 254 Ga. App. 781 (564 SE2d 14) (2002).

[15] 340 U. S. 543, 547-552 (71 SC 399, 95 LE 523) (1951).

account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this title, the United States shall be liable in respect of such claims to the same claimants, in the same manner, and to the same extent as a private individual under like circumstances, except that the United States shall not be liable for interest prior to judgment, or for punitive damages."[16]

The relevant parts of this statute are strikingly similar to the relevant provisions of our Tort Claims Act. The federal statute waives immunity "for money only . . . on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." For all relevant purposes, this is the exact definition of a "claim" within the meaning of the GTCA,[17] except the GTCA uses the term "loss" where the federal statute used the phrase "damage to or loss of property or on account of personal injury or death." Of course, the GTCA defines the term "loss" to include damage to property and "personal injury or death."[18] Finally, the federal statute, as does the GTCA,[19] provides that the federal government would be liable for the relevant claims "in the same manner, and to the same extent as a private individual under like circumstances."

In *Yellow Cab*, the United States Supreme Court interpreted the federal statute to waive sovereign immunity for claims of contribution. In doing so, the Court concluded that the phrase "personal injury or death" was broad enough to include claims for contribution;[20] relied on the fact that the list of claims specifically excluded from the waiver of sovereign immunity did not include contribution;[21]

---

[16] *Yellow Cab Co.*, 340 U. S. at 547.

[17] OCGA § 50-21-22 (1) defines "claim" to mean "any demand against the State of Georgia for money only on account of loss caused by the tort of any state officer or employee committed while acting within the scope of his or her official duties or employment."

[18] OCGA § 50-21-22 (3).

[19] OCGA § 50-21-23 (a) provides that sovereign immunity is waived "for the torts of state officers and employees while acting within the scope of their official duties or employment" and that the State "shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances."

[20] *Yellow Cab Co.*, 340 U. S. at 548-549.

[21] Id.

and ruled that since the federal government could seek contribution from a private joint tortfeasor if the injured party obtained a judgment against the government, it was fair that the private joint tortfeasor have the same right to seek contribution from the government in the absence of any clear legislative intent to the contrary.[22]

The rationale of the Supreme Court is applicable to the present case. First, the Supreme Court's ruling that the phrase "personal injury or death" is broad enough to include contribution buttresses our conclusion that the definition of "loss" in the GTCA is broad enough to include such claims.[23] Second, as in the federal statute, the claims which are excepted from the waiver of sovereign immunity under the GTCA do not include contribution.[24] Third, the DOT can sue a private joint tortfeasor for contribution,[25] and it would be inherently unfair to deny the private joint tortfeasor that same right. In this regard, construing the waiver of sovereign immunity in the GTCA to apply to claims for contribution is consistent with OCGA § 50-21-21, which provides that the legislature has attempted to establish "fair and uniform principles" in the GTCA, and is consistent with OCGA § 50-21-23 (a), which provides that the State "shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances."

3. In sum, we conclude that the Court of Appeals properly rejected the State's contention that the definition of "loss" in the GTCA absolutely precluded any claims for contribution and indemnity against the State. Instead, we conclude that there is no absolute bar to such claims, but that they are permitted so long as the activity of the State that is alleged to make it a tortfeasor, and thus subject to a claim for contribution or indemnity, does not fall within one of the exceptions to the waiver of sovereign immunity listed in OCGA § 50-21-24.[26]

*Judgments affirmed in Case Nos. S02G0700 and S02G0701. Judgment affirmed in part and vacated in part in Case No. S02G1028. All the Justices concur.*

---

[22] Id. at 551-552.

[23] See pp. 107-108 of this opinion.

[24] OCGA § 50-21-24.

[25] See *Dept. of Transp. v. Blair*, 220 Ga. App. 342, 345 (469 SE2d 446) (1996); *Dept. of Human Resources v. Joseph Campbell Co.*, 261 Ga. 822 (411 SE2d 871) (1992).

[26] The issue whether the State's actions in *Dept. of Transp. v. Federal Express*, 254 Ga. App. 149, fell within the exception set forth in § 50-21-24 (10) was not at issue before the Court of Appeals, and as the parties in that case agree that the issue is in need of evidentiary development in the trial court, we vacate the portion of the Court of Appeals's opinion in that case that held that the State's actions did not fall within that exception. Id. at 149-150.

DECIDED JANUARY 13, 2003.

*Case Nos. S02G0700, S02G0701*

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General*, for appellants.

*Arnall, Golden & Gregory, Stefan C. Passantino, James A. Gober*, for appellees.

*Bovis, Kyle & Burch, John H. Peavy, Jr.*, amicus curiae.

*Case No. S02G1028*

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General*, for appellant.

*Bovis, Kyle & Burch, John H. Peavy, Jr., Arnall, Golden & Gregory, Stefan C. Passantino, James A. Gober, James W. Smith*, for appellee.