A02A2408. ALIFFI et al. v. LIBERTY COUNTY SCHOOL DISTRICT et al.
(578 SE2d 146)

ADAMS, Judge.

Timothy and Barbara Aliffi filed this wrongful death lawsuit after their daughter, Christina, was killed in an accident in the Liberty County Elementary School garage. The Aliffis sued the Liberty County School District, the School Board of Liberty County and Marsha Simmons, individually and in her official capacity, alleging negli-

gent and intentional misdeeds. The defendants filed a motion for summary judgment, claiming they were immune from liability and that there had been no evidence of actual malice to remove this immunity. The state court granted the motion, and the Aliffis appeal. For the following reasons, we agree with the state court and affirm.

The basic facts in this case are undisputed and are set forth in the state court's eight-page order granting summary judgment. Ten-year-old Christina Aliffi was a student at Liberty County Elementary School where Marsha Simmons was a first-grade teacher. On March 24, 1997, Simmons was directing some students, including Christina, in making posters. To this end, Simmons sent Christina with another fourth-grader, Jessica Crane, to get some paper from a large roll in the school storage garage.

Simmons told Christina and Jessica to get the paper and hurry back. Christina and Jessica went to the garage and tried to get the paper off of a large, heavy, eight-foot-high roll of paper which was standing upright in the storage garage. In the process, the heavy roll fell onto Christina and killed her.

The Aliffis filed this lawsuit, alleging that Simmons violated written school board policy by sending Christina, unsupervised, to the garage. The Aliffis claimed that defendants should have known that the storage garage was an extremely hazardous and dangerous place and that the roll of paper constituted a dangerous condition. The Aliffis further claimed that defendants acted maliciously and with reckless disregard and that Christina died because of their negligent and intentional acts. Furthermore, the Aliffis alleged that defendants failed to perform ministerial duties and, therefore, were not entitled to governmental or official immunity. Finally, the Aliffis claimed that defendants had denied Christina of various constitutional rights in their negligent and intentional actions.

The state court granted summary judgment, finding that Simmons' actions were discretionary and that she was protected by sovereign and official immunity. The court's order recited that the Aliffis' attorney acknowledged during argument that the school district and the school board *were* protected by sovereign immunity and the court concluded that both entities were protected from liability. Here, the Aliffis argue only that the state court improperly granted summary judgment to Simmons; therefore, we do not address the propriety of the court's findings with respect to the school district and the school board.

Similarly, the Aliffis also sued Simmons in her official capacity and "suits against public employees in their official capacities are in reality suits against the state and, therefore, involve sovereign immunity." (Citation and punctuation omitted.) *Gilbert v. Richardson*, 264 Ga. 744, 750 (4) (452 SE2d 476) (1994). Nonetheless, the

Aliffis do not argue that the court's grant of summary judgment to Simmons in her official capacity on the basis of sovereign immunity was erroneous, and thus, we do not address that portion of the court's order here.

With respect to the Aliffis' claims against Simmons in her individual capacity, we find that the state court properly granted summary judgment on the basis of official immunity. In *Gamble v. Ware County Bd. of Ed.*, 253 Ga. App. 819, 824 (2) (b) (561 SE2d 837) (2002), this court addressed the issue of whether certain school employees were immune from liability for supervising students on the school bus. In finding that the employees were immune, this court stated:

> The doctrine of official immunity protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without, wilfulness, malice or corruption. A discretionary act requires personal deliberation and judgment, which entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. *We have previously found that supervising and disciplining school children constitute discretionary acts.*

(Punctuation and footnotes omitted; emphasis supplied.) Id. at 824. See also *Butler v. McNeal*, 252 Ga. App. 68, 70 (555 SE2d 525) (2001).

Similarly, in *Kelly v. Lewis*, 221 Ga. App. 506 (471 SE2d 583) (1996), this court determined that a teacher was immune from suit after a student who had been attacked alleged that school officials failed to enforce the rules governing supervision of arriving students. In reaching its determination, the *Kelly* court distinguished between ministerial and discretionary acts, stating:

> A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.

(Citation and punctuation omitted.) Id. at 508-509. For examples of cases in which this court determined that the school official's task of supervising students was a discretionary action, protected by official immunity, see *Payne v. Twiggs County School Dist.*, 232 Ga. App. 175, 177 (2) (501 SE2d 550) (1998) (alleged failure to enforce policy prohibiting students from carrying weapons on school property); *Per-*

*kins v. Morgan County School Dist.*, 222 Ga. App. 831, 835 (2) (476 SE2d 592) (1996) (alleged failure to enforce policy governing early dismissal of students); *Wright v. Ashe*, 220 Ga. App. 91, 93-94 (469 SE2d 268) (1996) (alleged failure to enforce policies prohibiting students from leaving school and governing students' use of cars on campus and class attendance).

Applying these principles to the instant case, we conclude that Simmons was simply exercising her discretionary authority to monitor, control, and supervise the children in her classroom when she sent Christina to the garage to get the paper. Regardless of the factual discrepancies in the record regarding Simmons' knowledge of, and compliance with, school and school board rules and procedures, liability could attach only if her actions were undertaken with actual malice or with the actual intent to cause injury. *Merrow v. Hawkins*, 266 Ga. 390, 392 (2) (467 SE2d 336) (1996). See generally *Crisp County School System v. Brown*, 226 Ga. App. 800, 802 (2) (487 SE2d 512) (1997). There was no evidence in the case that Simmons acted with actual malice, nor was there any evidence that she had acted with actual intent to injure Christina. Accordingly, the court's grant of summary judgment on the claims against Simmons in her individual capacity on the basis of official immunity was proper.

We reject the Aliffis' argument that the definition of "discretionary function," which the Supreme Court discussed in *Brantley v. Dept. of Human Resources*, 271 Ga. 679 (523 SE2d 571) (2000), and *Edwards v. Dept. of Children &c. Svcs.*, 271 Ga. 890 (525 SE2d 83) (2000), excludes Simmons' defense of official immunity. Both *Brantley* and *Edwards* were decided under the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., which in OCGA § 50-21-22 (5) specifically excludes "school districts" from its purview. See *Bitterman v. Atkins*, 217 Ga. App. 652, 654 (458 SE2d 688) (1995); *Gamble v. Ware County Bd. of Ed.*, 253 Ga. App. at 823-824.

In *Brantley*, in the context of employees of counties, which are also excluded from the purview of the Act in OCGA § 50-21-22 (5), the court addressed the applicability of "discretionary function" set forth in OCGA § 50-21-24 (2). It stated: "[a]lthough this Court has continued to apply the pre-existing definition of discretionary function to cases involving the official immunity of county employees, *county employees fall outside the scope of the GTCA, and their actions therefore are not subject to the Act's definition of discretionary function.*" (Footnotes omitted; emphasis supplied.) Id. at 680-681.

Similarly, in this case, as an employee of the Liberty County School District, Simmons fell outside the scope of the GTCA and her actions were not subject to the Act's definition of discretionary function. Accordingly, the Aliffis' reliance on the definition of "discretionary function" from *Brantley* and *Edwards* is misplaced.

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 6, 2003 —
RECONSIDERATION DENIED FEBRUARY 18, 2003.

*Ashman, Lasky & Cooper, Jeffrey W. Lasky; John L. Vaught*, for appellants.

*Jones, Osteen, Jones & Arnold, Billy N. Jones, Clark & Clark, Fred S. Clark*, for appellees.