**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 29, 2012

# In the Court of Appeals of Georgia

A12A0581. SPRUILL et al. v. GEORGIA DEPARTMENT OF
    HUMAN SERVICES et al.

MCFADDEN, Judge.

Denise Spruill and Lisa Scroggins, as the permanent legal guardians of minor twins A.M. and A.M., filed a lawsuit against the Georgia Department of Human Services and the Georgia Department of Human Resources (collectively, "the department"), claiming negligent investigation of a report that the twins were suffering from neglect and malnourishment. The department moved to dismiss the complaint on the basis of sovereign immunity. The trial court granted the motion and dismissed the complaint, finding that the state's waiver of sovereign immunity under the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., did not apply based on the discretionary function exception to such waiver. Spruill and Scroggins appeal.

Because the allegedly negligent investigation did not constitute a discretionary function as that term is defined in the Act, the department is not protected by sovereign immunity and we therefore reverse.

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained if there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity." (Citations and punctuation omitted.) *Georgia Dept. of Transp. v. Smith*, 314 Ga. App. 412, 413 (1) (724 SE2d 430) (2012).

On November 6, 2007, the twins' pediatrician, Dr. John Mynatt, reported to the Department of Family and Children Services that the children were suffering from severe neglect and malnourishment. He also reported that the parents were suspected of drug and alcohol abuse. The case was assigned to caseworker Eric Jackson, who went to the family's home on November 8 to investigate. No one answered the door, but later that day Jackson spoke with the twins' mother on the telephone. She claimed that the family was in North Carolina, and Jackson agreed to visit the family several days later. On November 13, 2007, Jackson went to the residence to investigate the report of neglect and determine if the twins were of proper body weight. When he arrived, the one-year-old twins were clothed in full-body jumpers and one of them

was wrapped in a blanket. Jackson acknowledges that his interaction with the children was "[v]ery little to none." He spent five to seven minutes in their presence, did not pick them up or hold them, and made no effort to remove their clothing to conduct a visual examination of them. Jackson did not remove the twins from the home, and a week later they were admitted to the hospital in critical condition. They each weighed under ten pounds, were malnourished, had emaciated bodies with open sores, and were within days of dying.

The appellants argue that the trial court erred in finding that Jackson's allegedly negligent investigation of the reported neglect, including his failure to undress the twins to properly assess their condition, constituted a discretionary function for which the state is protected from liability by sovereign immunity. We agree.

Under the Georgia Tort Claims Act, the state has waived its sovereign immunity for the torts of state officials and employees subject to certain exceptions and limitations. OCGA §§ 50-21-23, 50-21-24. One such exception is the "discretionary function exception," under which the state has no liability for "[t]he exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the

3

discretion involved is abused." O.C.G.A. § 50-21-24 (2). The Act defines a "discretionary function" as one "requiring a state officer or employee to exercise his or her policy judgment in choosing among alternate courses of action based upon a consideration of social, political, or economic factors." O.C.G.A. § 50-21-22 (2).

Our Supreme Court has emphasized that the discretionary function exception applies to policy decisions.

> In *Department of Transp. v. Brown*, [267 Ga. 6 (471 SE2d 849) (1996),] we specifically approved of cases from other jurisdictions that construed their discretionary function exception to apply only to "basic governmental policy decisions," and adopted that same construction for the discretionary function exception set forth in the [Georgia Tort Claims Act]. Further emphasizing our concern that the discretionary function exception should be limited to basic governmental policy decisions, we noted that the scope of the discretionary function exception urged by the Department of Transportation, which would include any decision affected by social, political, or economic factors, is so broad as to make the exception swallow the waiver. [For instance, w]hether to buy copier paper from a particular vendor, and in which colors, are decisions that might be affected by all three factors, but they are not policy decisions.

(Citations and punctuation omitted.) *Brantley v. Dept. of Human Resources*, 271 Ga. 679, 680 (523 SE2d 571) (1999).

Based on such reasoning, the Supreme Court went on to hold that the decision whether to leave a two-year-old child unattended in a swimming pool was not a basic

4

governmental policy decision and instead was a decision "of routine child care, and therefore does not fall within the discretionary function exception." Id. at 683. Likewise, the Supreme Court has found that decisions on emergency medical treatment of juveniles in state custody are not discretionary functions under the Act. See *Edwards v. Dept. of Children & Youth Svcs.*, 271 Ga. 890, 893 (525 SE2d 83) (2000). And this court has held that foster parents failing to properly care for and supervise a child in their home does not rise to the level of a discretionary function insulating the state from liability. See *Georgia Dept. of Human Resources v. Bulbalia*, 303 Ga. App. 659, 662-663 (1) (694 SE2d 115) (2010).

The reasoning of these cases is equally applicable to the appellants' claims in this case. Jackson's decisions regarding the investigation of the reported neglect and malnourishment of the minor children, including his decision not to visually inspect the condition of their bodies, were not governmental policy decisions that are insulated from judicial review. Instead, those were matters of a routine investigation of reported child neglect that do not fall within the discretionary function exception. Accordingly, we reverse the trial court's dismissal of the complaint.

*Judgment reversed. Barnes, P. J., and Adams, J., concur.*

5