**FIRST DIVISION
DOYLE, C. J.,
PHIPPS, P. J, and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 5, 2015**

# In the Court of Appeals of Georgia

A15A1186. POSTELL v. ANDERSON et al.                    DO-059

DOYLE, Chief Judge.

J. Timothy and Danelle Anderson (collectively, "the plaintiffs") sued Pamela Postell, seeking to recover for injuries sustained by their minor child, S. A., during a wheelchair accident while in Postell's care. Postell, a paraprofessional at S. A.'s school, moved for summary judgment, arguing that she was immune from liability. The trial court denied the motion, and this appeal followed. Because we conclude that Postell was immune from suit, we reverse.

Summary judgment is proper when the evidence, construed in the nonmovant's favor, shows that no issue of material fact remains and the movant is entitled to judgment as a matter of law. A defendant may prevail on summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there

is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case."[1]

Viewed in favor of the plaintiffs, the record shows that Postell, who held a certificate from the Georgia Professional Standards Commission, worked as a paraprofessional at Mountain Road Elementary School in Cherokee County, where she was assigned to assist in the special education classroom taught by Susan Frankel, who supervised her. On October 25, 2011, Postell transported 14-year-old, wheelchair-bound S. A. and another student, J. B. (a special education kindergarten student who had behavioral problems), to observe a tulip-planting, which took place at the school sign at the bottom of a hill; other students were there as well. At one point, J. B. grabbed another kindergartner around her neck. Jennifer Meadows, another teacher who was supervising other children at the event, separated J. B. and the other student and tried to comfort and calm them; J. B., however, was "wild." In an attempt to help, Postell took her hands off of S. A.'s wheelchair and turned towards J. B. and the other student. S. A.'s wheelchair then rolled away and flipped over.

---

[1] *Effingham County v. Rhodes*, 307 Ga. App. 504 (705 SE2d 856) (2010), quoting *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The plaintiffs filed suit against Postell, who moved for summary judgment, arguing that she was immune from suit because her actions were discretionary. The trial court denied the motion, concluding that there were questions of fact regarding S. A.'s location at the time her wheelchair rolled away, particularly whether her wheelchair was on a hill. This appeal followed.[2]

1. Postell contends that the trial court erred by denying her motion for summary judgment, arguing that she was immune from liability because her actions were discretionary, not ministerial. We agree.

> The doctrine of official immunity, also known as qualified immunity, offers public officers and employees limited protection from suit in their personal capacity. Qualified immunity protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption. Under Georgia law, a public officer or employee

---

[2] "Although the order appealed from is interlocutory, we have jurisdiction under the collateral order doctrine. Like sovereign immunity, official immunity is an entitlement not to stand trial rather than a mere defense to liability. And this Court has held that an order denying such an immunity claim is appealable under the collateral order doctrine because the order conclusively determines the disputed question, resolve[s] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment." *Taylor v. Campbell*, 320 Ga. App. 362, 363, n.3 (739 SE2d 801) (2013) (citation and punctuation omitted), quoting *Bd. of Regents of the Univ. Sys. of Ga. v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009).

may be personally liable only for ministerial acts negligently performed or acts performed with malice or an intent to injure. The rationale for this immunity is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight. Thus, damage suits are maintainable in this [S]tate against government officers and agents for failure to perform ministerial duties, but such officers and employees are immune from negligence claims when the acts complained of involve a discretionary function of an office. The difference between ministerial and discretionary acts has been explained as follows: A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. *Procedures or instructions adequate to cause an act to become merely ministerial must be so clear, definite and certain as merely to require the execution of a relatively simple, specific duty.*[3]

"A ministerial duty may be established by evidence such as a written policy, an unwritten policy, a supervisor's specific directive, or a statute."[4]

---

[3] (Citation and punctuation omitted; emphasis supplied.) *Effingham County*, 307 Ga. App. at 506-507 (3), quoting *Banks v. Happoldt*, 271 Ga. App. 146, 148 (608 SE2d 741) (2004).

[4] (Citations omitted.) *Roper v. Greenway*, 294 Ga. 112, 114-115 (751 SE2d 351) (2013).

Here, in support of their argument that Postell's actions were ministerial, the plaintiffs rely on two things. Neither is sufficient. First, as the plaintiffs contend, Postell, as a paraprofessional, was required to follow the instructions of her certified teachers, in this case, Frankel and Meadows.[5] In her statement given after the accident, Frankel relayed her conversation with Postell immediately before Postell transported S. A. and J. B. to the tulip planting activity:

> I described the parking lot and designated area in which the activity would take place. I told [Postell] that she would take the students to . . . Meadows'[s] classroom and go with her and her students. I said to follow her direction as she would be the certified teacher. . . . [After making sure S. A.] was "buckled in," I then described to [Postell] how [Postell] would feel going down the driveway toward the designated area for the tulip bulb planting. *I cautioned her about gravity, the chair was heavy[,] and if she [was] not careful[,] the chair could get away from her. . . .* [After the activity,] Meadows will tell you when it is time to leave. *When you do leave the area, you will be going uphill. Once you start up the hill, do not stop for any reason as gravity will be working against you.*[6]

---

[5] On appeal, however, the plaintiffs do not identify any failure on the part of Postell to obey instructions by Meadows.

[6] (Emphasis supplied.)

5

The plaintiffs argue that these instructions constituted a specific directive giving rise to a ministerial duty. We disagree. As we have repeatedly held, "supervising and disciplining school children constitute discretionary acts."[7] In this case, notwithstanding Frankel's warnings about gravity and the weight of the wheelchair, and regardless of the factual discrepancies regarding whether the wheelchair was on flat or sloped ground when it rolled away, Postell's actions in removing her hands from S. A.'s wheelchair to attend to the conflict involving J. B., who was also in her care, was simply an exercise of "her discretionary authority to monitor, control, and supervise the children. . . ."[8]

---

[7] (Punctuation and emphasis omitted.) *Aliffi v. Liberty County. School Dist.*, 259 Ga. App. 713, 715 (578 SE2d 146) (2003) (sending a student to the school garage to retrieve an object was discretionary), quoting *Gamble v. Ware County Bd. of Ed.,* 253 Ga. App. 819, 824 (2) (b) (561 SE2d 837) (2002) (supervising students on a school bus was discretionary). See also *Butler v. Doe*, 328 Ga. App. 431, 433-434 (762 SE2d 145) (2014) (supervision of students during a presentation was a discretionary function); *Payne v. Twiggs County School Dist.*, 232 Ga. App. 175, 177 (2) (501 SE2d 550) (1998) (decisions regarding enforcing policy prohibiting students from carrying weapons on school property were discretionary); *Perkins v. Morgan County School Dist.*, 222 Ga. App. 831, 835 (2) (476 SE2d 592) (1996) (decisions regarding enforcing policy governing early dismissal of students were discretionary); *Wright v. Ashe*, 220 Ga. App. 91, 93-94 (469 SE2d 268) (1996) (decisions regarding enforcing policies prohibiting students from leaving school and governing students' use of cars on campus and class attendance were discretionary).

[8] *Aliffi*, 259 Ga. App. at 716.

The plaintiffs also argue that Postell's actions were ministerial because they violated "the simple and absolute rule [that] states that a school professional must keep her hands on a student's wheelchair until the brake is set." The plaintiffs have failed, however, to provide evidence of any such directive or rule, and it is undisputed that Postell received no training on when it is safe or unsafe to take her hands off of a wheelchair or whether she is required to engage the brake on the chair when pushing a student in a wheelchair. And contrary to the plaintiffs' assertions, the training that Postell received regarding engaging the wheelchair brake while transferring a student in or out of the chair is simply inapplicable here; Postell was not transferring S. A. in or out of her chair at the time of the accident.

Thus, because Postell's actions were discretionary, and in the absence of any contention by the plaintiffs or evidence that she acted with actual malice or intent to injure S. A., the trial court erred by denying Postell's motion for summary judgment on the basis of official immunity.[9]

2. Based on our holding in Division 1, we need not address Postell's argument that she was *in loco parentis* as a paraprofessional pursuant to OCGA § 20-2-215.

*Judgment reversed. Phipps, P. J., and Boggs, J., concur.*

---

[9] See id.

7