**SECOND DIVISION
MILLER, P. J.,
ANDREWS and SELF, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 8, 2018**

# In the Court of Appeals of Georgia

A18A0394. ODUM et al. v. HARN et al.

ANDREWS, Judge.

On February 7, 2013, after exiting a school bus and attempting to cross the road, the appellants' five year old son was struck by a motorist who ignored the bus's stop arm and flashing lights. The child died the following day. The appellants subsequently commenced this action against the bus driver, Cynthia Harn, along with the Bryan County School District and State Farm Mutual Automobile Insurance Company. The trial court granted summary judgment for Harn based on official immunity, and this appeal followed.

The Bryan County School District trains its bus drivers to follow specified procedures in dropping off students. Once the driver stops the bus and activates the flashing lights, stop sign, and crossing guard bar, the student passenger is to stand at the bottom step by the door and wait until the driver determines there is no oncoming

traffic and instructs the student that he may exit the bus. The bus driver is supposed to check again for oncoming traffic before indicating to the student that he may proceed to cross the road.

Harn stated that she followed those procedures in this case. But before she could signal to the child that it was safe to cross, the appellants' son darted across the road towards his waiting mother. Harn claimed she did not observe any oncoming traffic until the child had already entered the roadway. She sounded the bus's horn in an attempt to stop the child, but the warning was too late, and the oncoming vehicle struck the child.

"Official immunity protects public officers acting in their official capacity from suit unless they negligently perform a ministerial duty or act with actual malice or intent to cause injury while performing a discretionary duty." *Brock v. Sumter County School Board*, 246 Ga. App. 815, 819 (2) (542 SE2d 547) (2000). (citations omitted.) "A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching

reasoned conclusions, and acting on them in a way not specifically directed." Id. (citations omitted.)

This Court has repeatedly held that a school official's task of monitoring, supervising, and controlling students is a discretionary act. See *Payne v. Twiggs County School District*, 232 Ga. App. 175, 177 (2) (501 SE2d 550) (1998); *Barnett v. Atlanta Independent School System*, 339 Ga. App. 533, 537 (792 SE2d 474) (2016); *Brock v. Sumter County School Board*, supra. "[S]upervision of student safety is considered discretionary even where specific school policies designed to help control and monitor students have been violated." *Brock v. Sumter County School Board*, supra at 821. (citations and punctuation omitted.) And, even "the complete failure to perform a discretionary act is the same as the negligent performance of that act for the purposes of determining whether such action was discretionary or ministerial." *Kelly v. Lewis*, 221 Ga. App. 506, 509 (471 SE2d 583) (1996).

In the instant case, Harn's actions of stopping the school bus, activating the stop sign and warning lights, and supervision of the student's exit from the bus clearly involved supervision of student safety and constituted a discretionary function. There was no allegation that Harn acted with malice or intent to harm. Accordingly, the trial court properly granted summary judgment for Harn.

*Judgment affirmed. Miller, P. J., and Self, J., concur.*