**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 19, 2019**

# In the Court of Appeals of Georgia

A18A0394. ODUM et al. v. HARN et al.

GOSS, Judge.

This is the second appearance of this case before this Court. Defendant Cynthia Harn released a five-year-old child from the school bus Harn was driving, shortly after which the child was killed by a driver who ignored the bus's extended stop arm and flashing lights. In *Odum v. Harn*, 344 Ga. App. 488 (811 SE2d 19) (2018), we affirmed the trial court's grant of summary judgment to Harn in plaintiffs Keisha Odum and Michael Mutcherson's wrongful death action on the ground that Harn was entitled to official immunity. Id. at 489. The Supreme Court of Georgia granted plaintiffs' petition for certiorari, vacated our previous opinion, and remanded the case to this Court for reconsideration in light of the Supreme Court's decision in *Barnett v. Caldwell*, 302 Ga. 845 (809 SE2d 813) (2018). On remand to this Court, plaintiffs

assert that because Harn's training manual required her to keep students on the bus until all traffic had stopped, the trial court erred when it granted summary judgment to Harn. After reexamining both the law and the record, we again affirm.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.

(Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491, 491 (405 SE2d 474) (1991).

Thus viewed in plaintiffs' favor, the record shows that on February 7, 2013, the child was a passenger on a Bryan County school bus driven by Harn, a driver with over 15 years experience, when Harn stopped the bus across the street from the child's house, activating the vehicle's red flashing lights, stop arm, and crossing gate. The child was required to cross a lane containing oncoming traffic in order to reach his mother, who was waiting for him. The District's training manual, which was formulated by the Georgia Department of Education, provided in relevant part that

"[s]tudents should not be allowed off the bus until all traffic has stopped" and that drivers should "[t]each the students that [the driver's] signal for danger after they are off the bus is blowing the horn." Drivers were also instructed that they should "[c]ontinuously use[] both direct vision and mirrors to identify any moving traffic from both the front and from behind." Shortly before the accident, Harn had attended a training session at which these and other guidelines, including having a child pause on the bottom step of the bus before disembarking, were reviewed.

Plaintiffs retained Scott Short, a collision reconstruction expert, who testified to his opinion that at the time Harn was heard on the bus's video/audiotape recording system saying "See you tomorrow" to the child, the approaching truck was approximately 825 feet away from the bus, and that when the child stepped down to the last step above the street, the truck was approximately 534 feet away. Harn testified that she looked for traffic as she released the child but did not see any. Harn also testified that although the child stopped before crossing the yellow line in the middle of the road, he did not look back at her for permission to cross that line, which would have been by means of a hand signal, because he had seen his mother waiting for him. Harn sounded her horn as soon as she saw the oncoming truck. However, the truck then struck the child, resulting in his death.

The trial court granted summary judgment to Harn in her individual capacity and entered judgment in her favor.[1] After this Court affirmed the trial court's judgment, the Supreme Court granted certiorari and remanded the case to this Court "for reconsideration in light of *Barnett v. Caldwell*, 302 Ga. 845, 851 (809 SE2d 813) (2018)." On remand to this Court, Odum now argues that the trial court erred when it granted summary judgment to Harn because her duty to keep students on the bus until all traffic had stopped was ministerial and absolute. We disagree.

> [I]in cases like this one where there is no evidence of malice or intent to injure, the determination of whether official immunity bars the suit against the defendant turns on the issue of whether the defendant's actions were discretionary or ministerial. We have defined a ministerial act as "commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty." *Murphy v. Bajjani*, 282 Ga. 197, 199 [(1)] (647 SE2d 54) (2007). A discretionary act, on the other hand, "calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." Id.

---

[1] The trial court's order also noted that plaintiffs' claims against the school district and its insurer were "unaffected by this [o]rder and [j]udgment."

4

*Barnett*, 302 Ga. at 848 (II). As our Supreme Court also noted in *Barnett*, "'the important question in the context of official immunity is not merely whether an officer owed a duty of care, but rather, whether the official owed a duty that is particularized and certain enough to render her duty a ministerial one.'" *Barnett*, 302 Ga. at 848 (II), quoting *Eshleman v. Key*, 297 Ga. 364, 367 (2) (774 SE2d 96) (2015). The Court explained:

> Even in the context of functions that are typically discretionary, a written (or unwritten) policy, a supervisor's specific directive, or a statute may establish a ministerial duty – but only if the directives are so clear, definite, and certain as to merely require the execution of a specific, simple, absolute, and definite duty, task, or action in a specified situation without any exercise of discretion. As we said in *Eshleman*, "even when an officer clearly owes a duty of care and is absolutely required to do *something*, unless she has been commanded – by law or by the policy or directive of her employer – to do *a particular thing*, she still is engaged in the performance of a discretionary function."

(Emphasis in original; some citations omitted.) *Barnett*, 302 Ga. at 848-849 (II).

In *Barnett*, our Supreme Court applied these principles to affirm a grant of summary judgment in an action arising from the death of a student in a classroom left "unsupervised" by any certified school employee, reasoning that because the policy requiring supervision was "not so definite as to render [the defendant teacher's]

judgment regarding the supervision of her class ministerial[,]" the employee was entitled to official immunity. *Barnett*, 302 Ga. at 851 (II). Here, likewise, Harn and other bus drivers were required to "[c]ontinuously use both [] direct vision and mirrors to identify any moving traffic from both the front and from behind," even as they were also required to watch whether the child being released had reached the last step off the bus. As such, Harn was exercising discretionary judgment as to whether any vehicles on the same road were stationary or moving toward the bus such that the child should or should not be released, and there is no evidence that Harn intentionally ignored any oncoming vehicle.

Review of the particular facts of this case indicate that the bus driver had to make multiple judgments about releasing the child in rapid sequence, including having the child pause on the last step of the bus, again looking for traffic approaching in both directions, having the child pause for a second time at the crossing gate for hand signals, and sounding the horn at her perception of approaching danger. Under these circumstances, when "the complained-of actions were discretionary and no evidence of actual malice or intent to injure has been presented," the trial court did not err when it concluded that Harn was entitled to

official immunity. *Barnett*, 302 Ga. at 852 (II). We therefore affirm the trial court's grant of summary judgment to Harn. Id.

*Judgment affirmed. Miller, P. J., and Brown, J., concur.*